**BANKERS TRUST COMPANY, as Trustee Under the Pooling and Servicing Agreement, dated as of February 20, 1992, CTS Home Equity Loan Trust 1992–1, Appellants,**

v.

**TAX CLAIM BUREAU OF DELAWARE COUNTY and Ronald W. Dell, Sr.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1998.

Decided Feb. 1, 1999.

Douglas M. Marinos, Allentown, for appellants.

Joel Friedman, Media, for appellee, Ronald Dell, Sr.

Before COLINS, President Judge, DOYLE, J.(P.), and MIRARCHI, Jr., Senior Judge.

---

DOYLE, Judge.

Bankers Trust Company (Bankers Trust) appeals from an order of the Court of Common Pleas of Delaware County dismissing its petition to set aside the judicial sale of real property purchased by Ronald William Dell, Sr., pursuant to Section 612 of the Real Estate Tax Sale Law (Law).[1]

The real property in question, located at 39 West Dartmouth Circle, Media, Pennsylvania, (Property), was originally owned by Thomas F. Johnson and Madeline G. Johnson. In May 1994, Bankers Trust's servicing agent, Altegra Credit Company (Altegra), commenced a mortgage foreclosure action against the Johnsons on behalf of Bankers Trust and, in August 1994, a judgment by default was entered against the Johnsons. The Johnsons filed four successive Chapter 13 voluntary bankruptcy petitions between December 14, 1994, and September 10, 1996, which prevented Altegra from executing on the judgment and selling the Property at a sheriff's sale. Finally, the Federal Bankruptcy Court, in an order entered September 10, 1996, entered an order which prohibited the Johnsons from filing any additional relief petitions for a period of 180 days, thus permitting Bankers Trust to foreclose on the delinquent mortgage and sell the Property. A sheriff's sale was conducted on January 17, 1997, pursuant to a writ of execution on the mortgage foreclosure judgment issued on October 18, 1996, and Bankers Trust purchased the Property as the foreclosing creditor.

An appraisal of the Property determined its fair market value to be $205,000.00; appropriately, Altegra then paid $71,460.00 to satisfy a first mortgage against the Property held by First Federal Keystone Bank.

Prior to the Sheriff's sale on January 17, 1997, however, the Tax Claim Bureau of Delaware County (Tax Claim Bureau) had exposed the Property to an upset sale on September 11, 1995. There were no bidders for the property at the sale, and the property was taken in by the county. Subsequently, the Property was purchased by Dell at a judicial sale held on May 28, 1997, five months after the Sheriff's sale, for $84,-500.00. Bankers Trust filed a petition to set aside the judicial sale with the Common Pleas Court, which denied the petition. Common Pleas found that the procedures of the Real Estate Tax Sale Law had been followed, that Bankers Trust lacked standing to assert the defense provided by the automatic stay provision of the federal bankruptcy statute, that there was no defect in the notice provided to Bankers Trust and that Bankers Trust failed to meet its burden of proving to the trial court why the property should not be sold at a judicial sale. It is from this order that Bankers Trust appeals.

On appeal[2] to this Court, Bankers Trust raises several issues that purportedly evidence an abuse of discretion by the trial court: (1) the judicial sale held subsequent to the upset sale was invalid because of the automatic stay provision of the bankruptcy filings by the Johnsons pursuant to 11 U.S.C. §362; (2) Bankers Trust did have standing to petition the trial court to set aside the judicial sale; (3) service by the Tax Claim Bureau to Bankers Trust of the petition for judicial sale did not cure the defects in the upset sale procedure; and (4) the Tax Claim Bureau was required to serve Bankers Trust's servicing agent, Altegra.

Bankers Trust's first two arguments concern whether it had standing to contest the Tax Claim Bureau's upset sale, held on September 11, 1995, because the **Johnsons** had filed for bankruptcy protection, which protection was not stayed until after the Bankruptcy Court's September 10, 1996 order. It is the contention of Bankers Trust that the upset sale was void *ab initio* because it was held during the pendency of the automatic stay period provided by 11 U.S.C. §362.[3] The trial court found that

---

**1.** Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.612.

**2.** Our standard of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly

erred as a matter of law. *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993).

**3.** 11 U.S.C. §362 states, in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301,

Bankers Trust lacked standing to contest the validity of the upset sale, and we agree. It is well settled that, absent extraordinary circumstances, the automatic stay protections afforded a **debtor** under 11 U.S.C. §362 do not apply to non-debtor third parties. *McCartney v. Integra National Bank North,* 106 F.3d 506 (3d Cir.1997). Because Bankers Trust was *not* the debtor, but a non-debtor third party, it lacks standing to assert the *debtors'* (the Johnsons) defense of the federal bankruptcy law and to contest the validity of the Tax Claim Bureau's upset sale held on September 11, 1995.

 Bankers Trust's remaining arguments concern the judicial sale itself. This Court, in *In Re Serfass,*[4] had occasion to address the requirements which must be adhered to for a judicial sale to be valid. In that case we said

> [t]he requirements pertaining to judicial sales are found in Sections 610 through 612–1 of the Law. Under Section 610, where the upset price[5] of a property shall not have been bid, the Tax Claim Bureau may petition the court of common pleas to sell the property by judicial sale. 'Upon the presentation of such petition ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold....' 72 P.S. §5860.610. The rule must be personally served by the sheriff.[6] After the Court has been satisfied that the rule has been properly served and that the facts in the petition are correct, then the court decrees

that the property in question be sold at a future time free of all 'tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents, separately taxed.' 72 P.S. §5860.612.

*Serfass* at 679. In this case, the Tax Claim Bureau conducted an upset sale on September 11, 1995, at which the upset price of the Property was not bid; accordingly, the property was taken in by the county. Subsequently, on March 6, 1997, the Tax Claim Bureau petitioned the Court of Common Pleas of Delaware County for a public sale of the Property. The Common Pleas Court granted the Tax Claim Bureau's petition and issued a Rule on March 6, 1997, directing each interested party to show cause why a judicial sale of the property should not take place. This rule was issued with a return hearing date set for April 7, 1997, to allow any interested party the opportunity to establish why there should be no judicial sale of the Property.

The Tax Claim Bureau, in a letter dated March 6, 1997, notified Bankers Trust that the Property would be subject to a public sale and included a copy of the rule, the address of the Property and the names of the original mortgagee, Thomas Johnson and Madeline Johnson. This information was sent to Bankers Trust at its Irvine, California address, receipt of which was acknowledged by Bankers Trust in a letter to the Tax Claim Bureau dated March 19, 1997. In its letter to the Tax Claim Bureau, Bankers

302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the **debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the **debtor** that arose before the commencement of the case under this title ...
11 U.S.C. §362 (emphasis added).

**4.** 651 A.2d 677 (Pa.Cmwlth.1994).

**5.** A property cannot be sold at a tax sale for less than its upset price. Under Section 605 of the

Law, the upset price of a property equals the sum of:

> (a) the tax liens of the Commonwealth, (b) the amount of the claim absolute ... (c) the amount of any other tax claim or tax judgment due on such property ... (d) the amount of all accrued taxes including taxes levied for the current year ... (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale.

[72 P.S. §5860.605.]

**6.** The rule must be served in the same manner as writs of scire facias. 72 P.S. §5860.611.

Trust stated that it was unable to sufficiently identify the property, and requested additional information from the Tax Claim Bureau.[7] The Tax Claim Bureau responded to Bankers Trust's request on March 26, 1997, by sending the loan assignment information, via facsimile transmission.[8] Bankers Trust took no further action on this matter before April 7, 1997, the return date hearing before the Common Pleas Court.

Because the Tax Claim Bureau notified Bankers Trust of the scheduled judicial sale of the Property and because Bankers Trust acknowledged receipt of this notice, the Tax Claim Bureau fulfilled its duty under the Law. Any loss incurred by Bankers Trust as a result of this judicial sale of the Property is a result of its own failure to take reasonable steps to protect its interest in the Property.

Order affirmed.

### ORDER

**NOW**, February 1, 1999, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

7. Bankers Trust's March 19, 1997 letter stated:
 Re: Public sale of properties; received 3/19/97 via Certified mail # R 601 032 275

The property or loan(s) pertaining to the accompanying document(s) cannot be identified without a correct property address and a copy of the Assignment of Mortgage (assigning the property to Bankers Trust). Please send a copy of the Assignment and the address information in the space below to Bankers Trust, at the mailing address shown above. [3 Park Plaza, Sixteenth Floor, Irvine, California 92714.] Your assistance and timeliness in this matter are greatly appreciated.

 Property address: 39 W. Dartmouth Circle
 No. and street
 Media, Pa 19063
 City, State, and Zip Code

(Reproduced Record (R.R.) at 257a.) (Emphasis in original.)

8. The Tax Claim Bureau's response by facsimile stated the following:

Page 1:

 TELEFAX TRANSMITTAL Number of Pages
 Including Cover 2

 FROM: TAX CLAIM BUREAU Sending
 FAX # : (601) 891–4115

 TO: Bankers Trust Sender's
 PHONE # : (610) 891–4294

 AT: Irvine Ca

RECEIVING FAX NUMBER:

SHORT COVER MESSAGE:
 As per requested!

Page 2:
Thomas F. Johnson and Madeline G. Johnson to Champion Mt. Company Inc (20 Waterview Boulevard, Parsippany New Jersey 07054)
 Dated 2–25–91 Recorded 3–14–91
 $27,000.00 Volume 830 page 1396
Assigned to Bankers Trust Company (3 Park Plaza 16th Floor, Irvine CA. 92714 Dated 2–25–91
 Recorded 6–29–92 Volume 958 page 1386

(R.R. at 258a–59a.)