**TOBYHANNA ARMY DEPOT FEDERAL CREDIT UNION, Appellant**

v.

**MONROE COUNTY TAX CLAIM BUREAU and Mt. Pocono Enterprises.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2011.

Decided Nov. 1, 2011.

Erin A. Brennan, Clarks Summit, for appellant.

Joel M. Scheer, Easton, for appellee Mt. Pocono Enterprises.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge (P.), and KELLEY, Senior Judge.

OPINION BY Judge McCULLOUGH.

Tobyhanna Army Depot Federal Credit Union (Credit Union) appeals from the October 18, 2010, order of the Court of Common Pleas of Monroe County (trial court), which granted Mount Pocono Enterprises' (Mount Pocono) motion for judgment on the pleadings and denied the Credit Union's petition to preserve or reinstate its mortgage lien on property purchased by Mount Pocono at a judicial tax sale pursuant to section 612 of the Real Estate Tax Sale Law (Law).[1]

The real property at issue, located at 4336 West Sherwood Drive, Kunkletown, Monroe County, Pennsylvania (property), was originally owned by Paul Emmet King (King) and is improved with a single family home. The Credit Union obtained a $125,000 first lien on the property in a mortgage dated March 17, 2005. King did not pay his taxes, and the Monroe County Tax Claim Bureau (Bureau) exposed the property to an upset tax sale on September 10, 2008. However, the upset price was not bid and the property did not sell. On October 16, 2008, King filed a petition for Chapter 7 bankruptcy. Despite King's petition for bankruptcy, on January 23, 2009, the Bureau submitted a petition to sell the property at a judicial sale. The Bureau also issued the Credit Union a rule to show cause why the property should not be sold free and clear of all taxes and municipal claims, liens, mortgages and other charges,[2] but the Credit Union did not

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.612.

2. As our Court has observed, the requirements for a judicial sale are as follows:

   [T]he requirements pertaining to judicial sales are found in Sections 610 through 612–1 of the Law. Under Section 610, where the upset price of a property shall not have been bid, the Tax Claim Bureau may petition the court of common pleas to

respond. On May 20, 2009, Mount Pocono purchased the property at the judicial tax sale.

On February 4, 2010, the Credit Union filed a petition to set aside the judicial sale or in the alternative to preserve or reinstate its mortgage lien. The Credit Union alleged that the judicial sale should be set aside because, pursuant to section 362 of the Bankruptcy Code, 11 U.S.C. § 362, King's petition for bankruptcy acted as an automatic stay against the commencement of any proceeding to obtain possession of the property, including the judicial tax sale.

Section 362(a)(2)-(3) of the Bankruptcy Code provides debtors and estates an automatic stay from the following:

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(2)-(3).

In response, the Bureau filed an answer admitting that it was not aware that King had filed for bankruptcy and that the judicial tax sale should be invalidated. Mount Pocono filed an answer denying the Credit Union's legal conclusions and asserted that

if the judicial sale is invalidated the Credit Union must pay not only the delinquent taxes, but the costs incurred by Mount Pocono to improve and preserve the property. In an amended answer and new matter, Mount Pocono incorporated its initial pleadings, alleged that the six-month statute of limitations to set aside the judicial sale under 42 Pa.C.S. § 5522(b)(5) [3] had expired, and alleged that the Credit Union, as a third party non-debtor, did not have standing under section 362 of the Bankruptcy Code, 11 U.S.C. § 362, to object to the judicial sale of the property. Based on these affirmative defenses, Mount Pocono filed a motion for judgment on the pleadings.

Following oral argument and the submission of briefs, the trial court issued an opinion and order dated October 18, 2010, which granted Mount Pocono's motion for judgment on the pleadings. The trial court observed that the six-month statute of limitations for judicial sales under 42 Pa.C.S. § 5522 had expired. Further, the trial court concluded that, absent unusual circumstances, the Credit Union, as a third party non-debtor, did not have standing to assert an automatic stay in bankruptcy under section 362 of the Bankruptcy Code, 11 U.S.C. § 362. Observing that the Credit Union did not indicate, either in its brief or at oral argument, what unusual

---

sell the property by judicial sale. 'Upon the presentation of such petition ... the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold....' 72 P.S. § 5860.610. The rule must be personally served by the sheriff. After the Court has been satisfied that the rule has been properly served and that the facts in the petition are correct, then the court decrees that the property in question be sold at a future time free of all 'tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents, separately taxed.' 72 P.S. § 5860.612.

*Bankers Trust Co. v. Tax Claim Bureau of Delaware County*, 723 A.2d 1092, 1094 (Pa. Cmwlth.1999) (internal citation omitted).

3. In relevant part, 42 Pa.C.S. § 5522 provides as follows:

> **(b) Commencement of action required.—** The following actions and proceedings must be commenced within six months:
>
>        \*     \*     \*
>
> (5) An action or proceeding to set aside a judicial sale of property.

42 Pa.C.S. § 5522(b)(5).

circumstances might exist to warrant an automatic stay for a non-debtor third party, the trial court concluded that all material facts had been resolved and entered judgment on the pleadings. The Credit Union now appeals to this Court.[4]

The Credit Union asserts that the trial court erred in entering judgment on the pleadings based on the six-month statute of limitations for setting aside a judicial sale because the Credit Union was entitled to an automatic stay in bankruptcy, and, therefore, the judicial sale was void *ab initio*. The Credit Union cites *Bankers Trust Company v. Tax Claim Bureau of Delaware County*, 723 A.2d 1092 (Pa. Cmwlth.1999), for the proposition that it had standing to assert an automatic stay in bankruptcy because unusual circumstances exist to warrant standing for a non-debtor third party, and *Poffenberger v. Goldstein*, 776 A.2d 1037 (Pa.Cmwlth.2001), for the proposition that the judicial sale is, consequently, void *ab initio*.[5]

In *Bankers Trust*, a mortgagee (Bankers Trust) that purchased property at a foreclosure sale filed a petition to set aside a subsequent tax sale of the same property. The trial court denied the petition, concluding that the procedures for a judicial tax sale were satisfied and that Bankers Trust lacked standing to assert the automatic stay provisions of the Code. On appeal, we affirmed the trial court, concluding as follows:

> Bankers Trust's first two arguments concern whether it had standing to contest the Tax Claim Bureau's upset sale, held on September 11, 1995, because *the Johnsons* had filed for bankruptcy protection, which protection was not stayed until after the Bankruptcy Court's September 10, 1996 order. It is the contention of Bankers Trust that the upset sale was void *ab initio* because it was held during the pendency of the automatic stay period provided by 11 U.S.C. § 362. The trial court found that Bankers Trust lacked standing to contest the validity of the upset sale, and we agree. It is well settled that, absent extraordinary circumstances, the automatic stay protections afforded a *debtor* under 11 U.S.C. § 362 do not apply to non-debtor third parties. *McCartney v. Integra National Bank North*, 106 F.3d 506 (3d Cir.1997). Because Bankers Trust was *not* the debtor, but a non-debtor third party, it lacks standing to assert the *debtors'* (the Johnsons) defense of the federal bankruptcy law and to contest the validity of the Tax Claim Bureau's upset sale held on September 11, 1995.

*Bankers Trust*, 723 A.2d at 1093–1094 (emphasis in original).

---

4. Our scope of review is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. *Bankers Trust*.

5. In *Poffenberger*, the plaintiffs brought an action to quiet title to twenty-three acres of land acquired by a purchaser at a tax sale, and the trial court quieted title in plaintiffs. The tax purchaser appealed, asserting that the tax sale divested the plaintiffs of title to the property and that the plaintiffs' action to quiet title was barred by the six-month statute of limitations applicable to judicial sales. Our Court affirmed in part and reversed in part, observing that the tax purchaser mischaracterized the sale as a judicial sale when in fact it was an upset sale and that the six-year statute of limitations for an upset sale had passed. However, our Court also observed that the plaintiffs met their burden to demonstrate a chain of title to thirteen of twenty-three acres through valid recorded deeds and that they at all times had paid the taxes assessed to that portion of the property. Because the plaintiffs were *bona fide* purchasers for value and had paid all the taxes assessed to the thirteen acres, we held that the upset sale of that portion of the property was void *ab initio* despite the expiration of the applicable statute of limitations.

Here, it is clear that the Credit Union did not file its petition to set aside the judicial sale of the property within the six-month statute of limitations under 42 Pa. C.S. § 5522(b)(5); the property was sold to Mount Pocono at the judicial sale on May 20, 2009, and the Credit Union did not file its petition to set aside the sale until February 4, 2010. Further, the Credit Union is not the debtor, but a non-debtor third party, and, therefore, absent extraordinary circumstances, the Credit Union lacks standing to assert the debtor's (King's) automatic stay under the Bankruptcy Code to contest the validity of the judicial sale. *Bankers Trust.* Notably, the Credit Union did not allege unusual circumstances before the trial court in its brief or at oral argument. Thus, no material facts remained in dispute and the trial court did not error in entering its judgment on the pleadings.

For the foregoing reasons, we affirm.

## ORDER

AND NOW, this 1st day of November, 2011, the order of the Court of Common Pleas of Monroe County, dated October 18, 2010, is hereby affirmed.