DIME SAVINGS BANK, FSB s/b/m/t Anchor Savings Bank, FSB Successor In Interest to Anchor Mortgage Service, Inc., Appellant

v.

Kenneth A. GREENE, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 1, 2002.

Filed Dec. 17, 2002.

Stuart P. Winneg, Cherry Hill, for appellant.

Kenneth A. Greene, appellee, pro se.

Before: DEL SOLE, P.J., ORIE MELVIN and BECK, JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from a trial court order dismissing Appellant's action in ejectment. This ruling was issued in response to Appellant's own motion to have the action dismissed in an effort to reach finality in the ejectment action and to challenge an earlier order setting aside a sheriff's sale. The court's order setting aside the sheriff's sale was subject to a prior appeal to this Court at 3445 EDA 1999. Therein we found the appeal premature and advised Appellant that it could seek review of the trial court's order vacating the sheriff's sale upon disposition of the complaint in ejectment. *Dime Savings Bank v. Greene*, No. 3445 EDA 1999, 2000 WL 1701360, filed 8/7/00 (memorandum opinion at 4). As the ejectment action has been concluded, this matter is ripe for review.

¶ 2 The facts underlying the present appeal began with the filing of a mortgage foreclosure proceeding. Appellant commenced the proceeding against its mortgagor, Kenneth A. Greene, after Mr. Greene defaulted on a residential mortgage which encumbered property he owned at 2125 North Wanamaker Street. A default judg-

ment was entered against Mr. Greene and a writ of execution was issued, setting a date for sheriff's sale on November 3, 1997. This sale was postponed as a result of Mr. Greene's filing of a bankruptcy petition. Additional bankruptcy petitions followed, but after the grant of relief from the automatic stay by the bankruptcy court, a sheriff's sale of the subject property was ultimately held on July 13, 1999. Appellant purchased the property at the sale as the "attorney or the writ of execution."

¶ 3 Thereafter, Appellant filed a complaint in ejectment naming Kenneth A. Greene and/or Tenant Occupant as the defendant. Kenneth A. Greene and Brion A. Greene, Kenneth Greene's son and occupant of the property, filed separate Answers and New Matters. Both pleadings allege that the sheriff's sale was void *ab initio* because it was conducted in violation of the automatic stay provided under the Bankruptcy Code. Brion Greene then filed a motion to vacate the sheriff's sale which prompted the order now in dispute.

¶ 4 Brion Greene's Motion to Vacate Sheriff's Sale alleged that the bankruptcy court was misinformed when it granted Appellant a modification of the automatic stay and permitted Appellant to proceed with foreclosure. In his motion, Brion Greene stated that the bankruptcy court did not recognize the value of the subject property when it modified the automatic stay and that Kenneth A. Greene had filed a timely appeal from the order modifying the automatic stay. Brion Greene further alleged that he had filed his own personal bankruptcy petition on June 30, 1999. The trial court granted Brion Greene's motion and vacated the sheriff's sale. An appeal was taken by Appellant, but this Court quashed the appeal finding that "the trial court's order disposed of Brion Greene's motion to vacate the sheriff's sale; however-

er, the order did not dispose of Dime Saving's complaint in ejectment." *Id.* The ejectment action was ultimately concluded in response to Appellant's motion and this appeal followed.

¶ 5 Initially, we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding. *Caplan v. Kent,* 366 Pa. 87, 76 A.2d 764 (1950). An ejectment action is a proceeding collateral to that under which the land was sold. *Mencke v. Rosenberg,* 202 Pa. 131, 51 A. 767, 769 (1902). Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment can not be reached collaterally. *Roberts v. Gibson,* 214 Pa.Super. 220, 251 A.2d 799 (1969). However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. *Brokans v. Melnick,* 391 Pa.Super. 21, 569 A.2d 1373, 1376 (1989). Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. *Id.* A judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding. *Id.* See also *Kaib v. Smith,* 454 Pa.Super. 67, 684 A.2d 630 (1996) (where in an ejectment proceeding the court considered whether the trial court erred in refusing to set aside a sheriff's sale, but ruled that the complaining party, a tenant, failed to establish proper cause to warrant setting aside the sale) and *Meritor Mortgage Corp. v. Henderson,* 421 Pa.Super. 339, 617 A.2d 1323 (1992) (ruling that the failure to make adequate service in a foreclosure action could be raised in the action of ejectment because a void judgment can be attacked at any time).

¶ 6 In this case Brion Greene filed a motion to vacate the sheriff's sale alleging that the sale was void *ab initio* because the court had no authority to undertake the sale while an automatic stay in bankruptcy existed. He claimed that the bankruptcy court's modification of the automatic stay was undertaken without full knowledge of the value of the property and based upon Appellant's misrepresentation to the bankruptcy court. Motion to Vacate Sheriff's Sale and Memorandum of Law in Support of Motion to Vacate Sheriff's Sale. We find Brion Greene lacked standing to challenge the validity of the bankruptcy stay issued to his father Kenneth Greene.

¶ 7 Brion Greene was not the debtor in the underlying foreclosure action which culminated in the sheriff's sale, and he was not the debtor against whom a bankruptcy stay was allegedly improperly modified. Kenneth Greene is the individual whose name appears on the deed and on the mortgage documents. The foreclosure proceeding was brought against Kenneth Green and Kenneth Greene sought protection in bankruptcy. If the bankruptcy court issued a modification of the automatic stay in error, this was a matter for Kenneth Greene to pursue. "[T]he automatic stay protections afforded a debtor under 11 U.S.C. § 362 do not apply to non-debtor third parties." *Bankers Trust Co. v. Tax Claim Bureau,* 723 A.2d 1092, 1094 (Pa.Cmwlth.1999).

¶ 8 In *Bankers Trust* the appellant mortgage trustee sought review of the trial court's denial of its petition to set aside a judicial sale of property to third parties at a tax sale. The appellant argued that the judicial sale was invalid because the property was subject to the automatic stay provision of bankruptcy filings made by the mortgagors. The court ruled that the appellant lacked standing to assert the debtor's defense of a bankruptcy stay because it was not the debtor. The court ruled that because the appellant "was not the debtor, but a non-debtor third party, it lacks standing to assert the debtors'...defense of the federal bankruptcy law and to contest the validity of the Tax Claim Bureau's upset sale." *Id.*

¶ 9 We conclude that in this ejectment action, the court was able to consider Brion Greene's claim that the underlying sale was void. However, it erred when it accepted his argument that the sale was invalid because the court lacked authority to conduct the sale due to an automatic bankruptcy stay resulting from a bankruptcy petition filed by Kenneth Greene. Brion Greene had no standing to assert the application of Kenneth Greene's bankruptcy stay in a challenge to a sheriff's sale of Kenneth Greene's property. The sheriff's sale could not be properly contested on this basis.

¶ 10 In this appeal and in Brion Greene's motion to vacate the sheriff's sale, it is stated that Brion Greene filed his own bankruptcy petition prior to the sheriff's sale of the property. However, in view of the fact that Brion Greene was not the named property owner or a mortgagor of the property, we fail to see how his bankruptcy filing would impact the validity of the sheriff's sale or the ejectment action.

¶ 11 In conclusion we find that the trial court's order granting Brion Greene's motion to vacate the sheriff's sale was made in error.

¶ 12 Order of October 4, 1999, vacating the sheriff's sale, reversed. Order of December 3, 2001, dismissing the ejectment action, affirmed. Jurisdiction relinquished.