**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee,**

v.

**Anthony CITIANO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 2003.
Filed Oct. 10, 2003.

Allan K. Marshall, Philadelphia, for appellant.

Robert J. Wilson, Lansdowne, for appellee.

BEFORE: GRACI, OLSZEWSKI, and CAVANAUGH, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellant, Anthony Citiano, appeals the trial court's entry of summary judgment against him in an action for ejectment. Because appellant's argument is an invalid collateral challenge to the sheriff's sale, we affirm.

¶ 2 The trial court summarized the facts of this case as follows:

This matter stems from a foreclosure judgment against the former owners and mortgagors, Anthony Citi[a]no and Deborah A. Citi[a]no in the Court of Common Pleas, Philadelphia County under October Term, 2001, No. 2858. Judgment by Default was entered against Appellant on January 23, 2002 for failure to answer the complaint in foreclosure. Writ of Execution was issued, proper notice was given, and the property was sold at sheriff sale on July 2, 2002.

Although Appellant has stated that he received no Notice of Sheriff Sale in accordance with Pa.R.C.P. 3129.2, the records show that Appellant was given proper notice. Pursuant to Court Order of November 30, 2001 regarding service of process, Appellant was served by posting the premises on February 1, 2002 and by certified and regular mail on February 4, 2002. The sheriff sale originally scheduled for April 2, 2002 under Writ 173–306, was publicly announced to be postponed until July 2, 2002. The property was sold to Appellee on July 2, 2002 and the Sheriff's Deed Poll was dated and acknowledged August 19, 2002 and recorded with the Department of Records on August 29, 2002.

Appellee has title by virtue of the Sheriff's Deed Poll, and has therefore established its superior title to the property currently occupied by the Appellant. On August 20, 2002, Appellee brought the instant action in Ejectment against Anthony Citi[a]no or Occupants, as owners of the property. Appellee moved for summary judgment to which, Appellant argued the defense of unclean hands and lack of proper notice . . . . [The trial court] granted Appellee's motion on January 14, 2003. No motion for reconsideration of the January 14, 2003 Order was filed, and this Order is the subject of this appeal.

Trial Court Opinion, 4/4/03, at 1–2 (references to exhibits omitted).

¶ 3 Our standard of review on questions of summary judgment is well settled:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Pappas v. Asbel*, 564 Pa. 407, 768 A.2d 1089, 1095 (2001) (citations omitted).

¶ 4 According to appellant, summary judgment was improper for the following reasons:

1. Did plaintiff comply with the requirements of Rule 3129.3 or, in the alternative, plaintiff did not need to comply with the requirements of Rule 3129.3? Either way, it is a factual dispute and trial is and was necessary to determine this factual dispute.

2. Mr. Citiano pleaded Equitable defenses. One of his defenses was that the Plaintiff is coming to this court with Unclean Hands.

3. Plaintiff disputed these defenses, and a trial is and was necessary to determine the facts under cross examination.

4. The trial court overlooked or completely disregarded the factual and legal defenses and granted Summary Judgment to the Plaintiff. In

other words, the court failed to hold a hearing on the contentions of the defendant that a less drastic remedy was available.

Appellant's brief at 5 (citation to pleadings omitted).

¶ 5 Appellant's argument against summary judgment hinges on whether the sheriff's sale complied with the notice requirements of Pa.R.C.P. 3129.3 when the sale was postponed to July 2, 2002. This argument invokes a collateral matter to the underlying ejectment action.

¶ 6 Rule 3129.3 is one rule in a series of procedural rules relating to notice and sheriff sales of real property. Particularly, Rule 3129.3 deals with the notice required when the time of sheriff's sale is postponed. The rule states:

(a) Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.

(b) If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred days of the scheduled sale, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required, but there may be only one such stay, continuance, postponement or adjournment without new notice.

¶ 7 Appellant argues that a genuine issue of material fact exists concerning whether the sheriff's sale in question complied with Pa.R.C.P. 3129.3. According to appellant,

[t]here was no evidence as to what happened on the originally scheduled date of sheriff sale of 4/2/02. The trial judge

assumed that there was a public announcement of the postponement of the [sale] from 4/2/02 to 7/2/02. There was no evidence, no affidavit, no tape recording of the public announcement of postponement.

Appellant's brief at 7. It is clear that the sheriff's sale took place within 100 days of the originally scheduled sale as required under Pa.R.C.P. 3129.3. Even if appellant's contention that there was no evidence presented verifying that a public announcement occurred, it is because appellant failed to compel the production of such evidence by challenging the sale directly. Instead of challenging the sale when it was conducted, appellant raised the issue in the present action for ejectment. Appellant cannot now raise this issue collaterally.

¶ 8 The Pennsylvania Rules of Civil Procedure provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. § 3132. The rules also state that the time for petitioning the court should occur within a reasonable time proximity to the date of the sale and filing of the schedule of distribution. Pa.R.C.P. 3136(d) states, "[t]he sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule." Similarly, Pa.R.C.P. 3135(a) provides:

> When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of ten days after the filing of the sched-

ule of distribution, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

¶ 9 Appellant failed to challenge the validity of the sheriff's sale in the manner contemplated by our rules of procedure. By neglecting to pursue the procedural remedies available to him, appellant has waived such challenges. Appellant should have petitioned the court to set aside the sheriff's sale at or near the time of the sale.

¶ 10 Appellant concedes that his argument against summary judgment is a collateral attack on the sheriff's sale. Appellant's brief at 8. He argues, however, that his collateral attack is valid under this Court's decision in *Meritor Mortgage Corp.—East v. Henderson*, 421 Pa.Super. 339, 617 A.2d 1323 (1992). He claims that his collateral challenge to the validity of the notice of the sale is a jurisdictional issue that can be raised in a collateral action. Appellant makes too much of *Meritor Mortgage Corp.*

¶ 11 In *Meritor Mortgage Corp.*, this Court held that the failure to provide adequate notice in a foreclosure action could be raised in a subsequent action of ejectment because a judgment that is void for want of jurisdiction can be challenged at any time. *Meritor Mortgage Corp.* is fundamentally distinguishable from the instant case.

¶ 12 In *Meritor Mortgage Corp.*, the alleged notice deficiency was absolute. In that case, Emma Henderson executed a mortgage on her residence in favor of the

predecessor in interest of Meritor Mortgage Corporation East. Mrs. Henderson died intestate. Claude Henderson, Mrs. Henderson's son, occupied the residence and informed Meritor that Emma had died and that he was the heir of the property. After Claude had made several payments on the mortgage that were accepted by Meritor, he defaulted on the mortgage. Foreclosure proceedings began, but Claude was never served with notice of the proceedings, nor were the premises posted with notice. When no answer was filed, a default judgment was entered against Claude, and Meritor purchased the property at a sheriff's sale. Later, Claude Henderson refused to vacate the premises and an ejectment action was brought against him. The trial court held that Henderson could not collaterally raise inadequacy of notice of the sheriff's sale in the ejectment action but should have raised it at the mortgage foreclosure action.

¶ 13 This Court disagreed with the trial court and held that "[i]f adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment." *Meritor Mortgage Corp.*, 617 A.2d at 1326 (quoting *Vichosky v. Boucher*, 162 Pa.Super. 598, 60 A.2d 381, 382 (1948)). We also held that "[i]t is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person." *Id.* (quoting *Vichosky*, 60 A.2d at 382). This Court's holding in *Meritor* is practical because it would be unreasonable to require a party to challenge notice in an action for which it was never served notice, and, consequently, of which it was unaware.

¶ 14 Unlike Claude Henderson, appellant cannot allege that he was absolutely deprived of notice of the underlying foreclosure or sheriff sale. The trial court noted:

Although Appellant has stated that he received no Notice of Sheriff Sale in accordance with Pa.R.C.P. 3129.2, the records show that Appellant was given proper notice. Pursuant to Court Order of November 30, 2001 regarding service of process, Appellant was served by posting the premises on February 1, 2002 and by certified and regular mail on February 4, 2002.

Trial Court Opinion, 4/4/03, at 1–2 (references to exhibits omitted). Because appellant was originally served with notice, he should have become aware of any subsequent notice deficiency if he had exercised reasonable diligence. Appellant failed to exercise reasonable diligence when he failed to challenge the sheriff's sale directly and waited to raise the issue in the ejectment action filed against him. The conclusion of *Meritor Mortgage Corp.*— that it would be unreasonable to require a party to challenge notice in an action for which it was never served notice, and, consequently, of which it was unaware—is inapplicable to a situation where a party was served and should have been aware.

¶ 15 In *First Eastern Bank, N.A. v. The Campstead, Inc.*, 432 Pa.Super. 241, 637 A.2d 1364 (1994), this Court again addressed the notice requirement of Pa. R.Civ.P. 3129.3. In that case, the appellant was notified that a sheriff's sale was to take place on December 11, 1991. *Id.* at 1364. The appellant was present on December 11, but the sale was postponed. *Id.* The sale was re-scheduled for January 29, 1992, but the appellant was never notified of the re-sale date. *Id.* The appellant inadvertently found out about the sale on January 28, 1992, and attended the sale. *Id.* This Court found that the appellant's actual notice of the January 29 sale was

meaningless, as he found out only one day prior to the sale. *Id.* at 1366. On February 27, 1992, the appellant filed exceptions to the sale and petitioned the trial court to have it set aside. *Id.* at 1364. The trial court dismissed the petition and exceptions. *Id.* On appeal, we found procedural notice to be lacking and directed the trial court to set aside the sheriff's sale. *Id.* at 1366.

¶ 16 Appellant cannot compare himself to the appellant in *First Eastern Bank.* In that case, the appellant was never notified of the re-sale date, but the appellant brought a direct challenge to the validity of the sale arguing that there was insufficient notification. Here, appellant did not bring a direct challenge to the sheriff's sale. Therefore, he cannot now allege that he had no notice of the postponement of the sheriff's sale as required under Pa. R.C.P. 3129.3. We think the trial court was reasonable to require appellant to raise the alleged violation of rule 3129.3 when it occurred. Had appellant acted diligently, he would have been aware of the notice violation when it occurred.

¶ 17 Viewing the record in the light most favorable to appellant, we cannot find that the trial court erred or abused its discretion in entering summary judgment.

¶ 18 Order AFFIRMED.