J-S16029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MORTGAGE INVESTMENTS, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALIYA TASHA BASIL, ALIYA'S LITTLE PEOPLE, LLC, OCCUPANTS | |
| APPEAL OF: ALIYA BASIL | |
| | No. 1921 EDA 2015 |

Appeal from the Order Entered May 20, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2015, No. 00315
February Term, 2015, No. 00352

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 16, 2016**

Aliya Basil appeals, *pro se*, from the order entered May 20, 2015, in the Philadelphia County Court of Common Pleas, in this ejectment action. The order in question prohibited a lockout of the property located at 431 N. 64th Street in Philadelphia, Pennsylvania, before July 13, 2015, but permitted a lockout after that date, pursuant to a writ of possession issued to Mortgage Investments, LLC. On appeal, Basil contends the trial court erred in failing to stay the ejectment action because she claims the underlying mortgage foreclosure judgment, through which Mortgage Investments obtained the property, was vacated.  For the reasons that follow, we affirm.

By way of background, we note that, on July 25, 2012, JP Morgan Chase Bank, N.A. ("Chase") filed a complaint in mortgage foreclosure against Basil, alleging she defaulted under the mortgage that secured a property on North 64th Street in Philadelphia. Chase obtained a default judgment on November 28, 2012, but did not seek a writ of execution until December of 2013, and thereafter, served Basil with a notice of sheriff's sale in January of 2014. On June 2, 2014, Basil filed a motion to postpone the sheriff's sale, which was denied following a hearing that same day. The property was later sold to Mortgage Investments, which acquired title by deed in September of 2014.

On February 2, 2015, Mortgage Investments filed a complaint in ejectment, seeking immediate and exclusive possession of the second floor of the property.[1] The complaint was personally served on Basil on February 9, 2015. When Basil did not respond to the complaint, a default judgment was entered against her on March 13, 2015. Thereafter, on March 16, 2015, Mortgage Investments filed a praecipe for writ of possession. The writ was re-issued on May 4, 2015, and an eviction was scheduled for June 1, 2015. On May 14, 2015, Basil filed an Emergency Motion to Stay the Proceedings,

_____

[1] Basil owned the entire property, but operated a business on the first floor. Mortgage Investments filed separate ejectment actions for the first and second floors. This appeal concerns only the second floor action. Mortgage Investments notes in its brief that "[a] writ of possession was entered in [the first floor] action on May 4, 2015." Mortgage Investments' Brief at 4.

- 2 -

asserting, *inter alia*, the default judgment in the ejectment action was void because, on April 7, 2015, Chase filed both a Praecipe to Vacate the Default Judgment and a Praecipe to Settle, Discontinue and End in the foreclosure action. **See** Emergency Motion by Affidavit to Stay Proceeding, 5/14/2015, at ¶¶ 10-11. Therefore, Basil argued that when Chase sought to vacate the judgment, all subsequent proceedings including the writ of execution, sheriff's sale, and recording of the deed were null and void. **See id.** at ¶¶ 13-15. The trial court issued a rule to show cause and conducted a hearing on May 20, 2015. That same day, the court issued the order on appeal permitting a lockout to occur on or after July 13, 2015. On June 7, 2015, Basil filed a motion for reconsideration, which was denied by the trial court on June 11, 2015. This timely appeal followed.[2]

Although Basil purports to raise nine issues in her statement of questions involved, all of her contentions are based upon her misapprehension that Chase's praecipes to vacate and mark the record

_____

[2] On June 18, 2015, the trial court ordered Basil to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Basil complied with the court's directive and filed a concise statement on July 13, 2015. Originally, the trial court concluded Basil had filed an untimely concise statement, and requested this Court quash the appeal. However, on August 20, 2015, this Court remanded the case to the trial court for the filing of an opinion because we found there was no notation on the docket indicating when Basil was served with the Rule 1925(b) order. **See** Pa.R.A.P. 108(b). Accordingly, we concluded her issues were not waived. Upon remand, the court promptly filed an opinion addressing the claims raised in Basil's concise statement.

settled, discontinued and ended in the foreclosure action in April of 2015, voided the subsequent sheriff's sale and ejectment action. Basil's Brief at 10. She claims a sheriff's sale can be challenged in an ejectment action when the "judgment upon which the execution was based is void on its [face]." *Id.* at 11, *quoting* **Roberts v. Gibson**, 251 A.2d 799, 801 (Pa. Super. 1969). Here, Basil asserts, title never passed to Mortgage Investments because the execution sale was based on a void judgment. *Id.* at 12.

Preliminarily, "we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding[,]" such as an ejectment action. **Dime Sav. Bank, FSB v. Greene**, 813 A.2d 893, 895 (Pa. Super. 2002). Nevertheless,

> [a] void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. A judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding.

*Id.* (internal citations omitted).

The fatal flaw in Basil's argument is that the underlying judgment was not rendered void based upon Chase's belated filings. The praecipes filed in the foreclosure action - seeking to vacate the judgment and to settle, end, and discontinue the matter - had no bearing on the completed sheriff's sale of the property. Rather, as counsel for Mortgage Investments stated at the May 20, 2015, hearing:

- 4 -

> [T]he lender's attorney in the foreclosure action, following the expiration of six months from the date of sale, typically files a praecipe to mark the judgment satisfied in connection with the Deficiency Judgment Act, because the underlying in rem judgment is automatically discharged upon the recording of the sheriff's deed. And I guess what we're talking about is procedure over substance, because [the lender's attorney] has indicated to me that his firm's practice is to mark the judgment vacated and file the praecipe to settle, discontinue and end.

N.T., 5/20/2015, at 4-5. The trial court further explained that once the property was sold at sheriff's sale, "there's no judgment against [Basil] any longer because the judgment has been satisfied by the taking of that property." *Id.* at 8-9. Therefore, Chase's praecipes filed in the foreclosure action were ministerial actions to clear the docket, and had no relevance in the ejectment action.

Because Basil failed to provide any legal basis to stay the eviction proceedings, we find no abuse of discretion or error of law in the trial court's May 20, 2015, order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016