J-S40044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEBEH KAWAH, | : | |
| | : | |
| Appellant | : | No. 2704 EDA 2015 |

Appeal from the Order entered on August 12, 2015
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s):  September Term 2014 No. 140902577

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　　**FILED JULY 22, 2016**

Jebeh Kawah ("Kawah"), *pro se*, appeals from the Order granting the Motion for Summary Judgment filed by Federal National Mortgage Association ("Fannie Mae").[1]  We affirm.

On January 3, 2005, Kawah executed a mortgage on property located at 12135 Academy Road #25, in Philadelphia, Pennsylvania ("the Property"), which was duly recorded.  On May 19, 2009, PHH Mortgage Corporation ("PHH")[2] commenced mortgage foreclosure proceedings against Kawah.  The

---

[1] We note that the United States Bankruptcy Court for the Eastern District of Pennsylvania has ordered that "Relief from the Automatic stay of all proceedings, as provided under 11 U.S.C. § 362 is granted with respect to[] 12135 Academy Road # 26, Philadelphia, PA, 19154-2942 … as to allow Movant [Fannie Mae] … to proceed with its rights under the terms of said Mortgage[.]"  **In re:  Jebeh Brown**, BK. No. 16-10290 AMC (Bankr. E.D. Pa. 7/15/16) (order).  Accordingly, as it relates to the instant appeal docketed in this Court, any stay with regard thereto has been lifted.

[2] PHH is not a party to the instant proceedings.

Complaint in Foreclosure ("the Foreclosure Complaint") averred that Kawah had failed to make a payment of principal and interest due on June 1, 2008, and every payment due thereafter. Foreclosure Compliant, 5/19/09, at ¶ 5. The Foreclosure Complaint sought an *in rem* judgment against Kawah in the amount of $112,549.99. *Id.* at ¶ 6. On April 16, 2010, a default judgment was entered against Kawah, based upon her failure to file an answer to the Foreclosure Complaint. Judgment, 4/16/10. Kawah filed no appeal of the default judgment.

Pursuant to a Writ of Execution, the Property was sold to PHH, at a sheriff's sale, on October 5, 2010. Subsequent to the sheriff's sale, however, PHH was advised of Kawah's participation in the Home Affordable Modification Program ("HAMP").[3] On March 2, 2011, Kawah filed a Motion to set aside the sheriff's sale and strike the deed, which the trial court granted on April 18, 2011.

In October 2011, upon being informed that Kawah had missed payments under HAMP, PHH filed a Writ of execution to enforce the April 16, 2010 default judgment. As a result, the Property was sold to PHH at a sheriff's sale held on October 2, 2012. The Sheriff of Philadelphia executed a deed to PHH, which was duly recorded. However, because of

_____

[3] HAMP is a program of the United States Departments of the Treasury & Housing and Urban Development. HAMP was created pursuant to the Emergency Economic Stabilization Act, 12 U.S.C.A. § 5201, for the purpose of assisting homeowners who defaulted on their mortgages, or are in imminent risk of default, by reducing their monthly payments to sustainable levels.

discrepancies in the correspondence and documents given to Kawah regarding loss mitigation, PHH moved to set aside the October 2, 2012 sheriff's sale and to rescind the deed. The trial court granted PHH's Motion on December 26, 2013. Subsequently, on July 1, 2014, Fannie Mae purchased the Property at a sheriff's sale.

In its Opinion, the trial court aptly summarized what next transpired as follows:

> [The instant] case commenced with the filing of [Fannie Mae's] Complaint in Possession. The Complaint averred that [Fannie Mae] had purchased the Property … at [a] [s]heriff's [s]ale[,] and was thus entitled to immediate possession of the Property. [Fannie Mae] averred that [Kawah] was occupying the Property without right and without claim of title, and that [Fannie Mae] had demanded possession of the property from [Kawah], who had refused to deliver it.
>
> On October 23, 2014, [Kawah] filed a[ pro se] Answer to [Fannie Mae's] Complaint. [Kawah] argued that in December, 2013, [PHH] had set aside the [s]heriff's [s]ale of the [P]roperty, and that the "present [N]otice of [s]heriff's sale[,] which resulted in [Fannie Mae's] acquiring of deeds on the Property[,] comes without any subsequent foreclosure action against [Kawah] following PHH's prior action to set aside [s]heriff's sale, thereby disallowing [Kawah] any opportunity through due process to defend against PHH's [s]heriff's sale of the Property."
>
> On June 16, 2015, [Fannie Mae] filed a Motion for Summary Judgment. The Motion averred that [Fannie Mae] was the successful bidder at a [s]heriff's [s]ale held [on] July 1, 2014, and that through that sale[, Fannie Mae] became the owner of the Property. The [d]eed was recorded on September 3, 2014[,] at Document No. 52823582. The Motion averred that [Fannie Mae] had notified [Kawah] of its ownership on September 9, 2014, and advised her to vacate the premises. The Motion further averred that [Kawah] had not pled any defense to an action in ejectment, and that she had admitted paragraph (3) of the Complaint, which averred that a true and

- 3 -

correct copy of the [s]heriff's [d]eed[,] reflecting [Fannie Mae's] ownership of the Property[,] was attached to the Complaint as Exhibit A. The Motion further averred that [Kawah] had admitted [that] there was no lease agreement to the Property; that she had received the [N]otice to vacate; and still resides at the Property.

On August 10, 2015, [Kawah] filed an Answer in Opposition to [Fannie Mae's] Motion for Summary Judgment. [Kawah] did not address any defenses or arguments in relation to an action in ejectment[,] but instead put forth arguments based on her foreclosure action.

On August 13, 2015, [the trial court] granted [Fannie Mae's] Motion for Summary Judgment.

Trial Court Opinion, 10/14/14, at 1-2 (some capitalization omitted). Kawah filed the instant, timely appeal of the trial court's Order, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Kawah now presents the following claim for our review: "Did the [t]rial [c]ourt err as a matter of law in granting [Fannie Mae's] Motion for summary judgment?" Brief for Appellant at 3 (unnumbered).

Although Kawah does not claim lack of actual notice of the foreclosure action, she asserts that the Notice of the foreclosure proceedings did not comply with 41 Pa.C.S.A. § 403 (requiring 30 days' notice before commencing foreclosure), and the Rules of Civil Procedure requiring service. Brief for Appellant at 13. Kawah additionally challenges the notice provided to her of the sheriff's sale. *Id.* Kawah argues that because two prior sheriff's sales had been set aside, she should have been given new notice of

- 4 -

the sheriff's sale. *Id.* Without any reference to legal authority, Kawah contends "if the basis for which a sale was set aside fails, the procedure in foreclosure should begin afresh to give opportunity for the borrower to defend against the renewed foreclosure action." *Id.* at 14.

Kawah further argues that the original mortgagor, PHH, improperly failed to follow up with the loan modification process it had promised. *Id.* at 15-16. Basically, in challenging this ejectment action, Kawah's claims challenge the underlying foreclosure proceedings. *Id.* at 16.

As this Court has recognized,

[o]ur scope of review of an order granting summary judgment is plenary. [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action. ... Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the [fact-finder]. Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 585-86 (Pa. Super. 2013) (citations and quotation marks omitted).

- 5 -

Generally, an attack on a sheriff's sale cannot be made in a collateral proceeding. ***Dime Sav. Bank v. Greene***, 813 A.2d 893, 895 (Pa. Super. 2002). "However, in an ejectment action[,] it may be alleged that the judgment is void. A void decree can be attacked at any time." ***Id.*** "A judgment which is void cannot support an ejectment action[,] and may be asserted as a defense in the ejectment proceeding." ***Id.***

"The proper procedure to contest a sheriff's sale is by petition, before delivery of the sheriff's deed, under Pa.R.C.P. 3132. After delivery of a sheriff's deed to a purchaser, the only attacks possible on the sheriff's sale are those based on fraud[,] which vitiates the transaction[,] or a lack of authority to make the sale." ***Workingmen's Sav. & Loan Ass'n of Dellwood Corp. v. Kestner***, 652 A.2d 327, 328 (Pa. Super. 1994) (internal citations omitted). "Averments of fraud or mistake shall be averred with particularity." Pa.R.C.P. 1019(b).

In its Opinion, the trial court addressed Kawah's claim as follows:

[Fannie Mae's] Motion [for summary judgment] averred that [Fannie Mae] was the successful bidder at a [s]heriff's [s]ale held [on] July 1, 2014, and that through that sale[, Fannie Mae] became the owner of the Property. The Deed was recorded on September 3, 2014 at Document No. 52823582. The Motion averred that [Fannie Mae] had notified [Kawah] of its ownership on September 9, 2014, and advised her to vacate the premises. The Motion further averred that [Kawah] had not pled any defenses to an action in ejectment, and that she had admitted paragraph (3) of the Complaint, which averred that a true and correct copy of the Sheriff's Deed[,] reflecting [Fannie Mae's] ownership of the Property[,] was attached to the Complaint as Exhibit A. The Motion further averred that [Kawah] had admitted [that] there was no lease agreement to the Property;

- 6 -

that she had received the Notice to vacate; and still resides at the Property.

…

The issue of possession is a "jurisdictional prerequisite" to the trial court's authority to entertain the merits of a complaint in ejectment. *Siskos v. Britz*, 567 Pa. 689, 699, 790 A.2d 1000, 1006 (2002). A purchaser at [a s]heriff's [s]ale gains the right to possession once the [s]heriff's [d]eed is acknowledged and recorded. *Wells Fargo Bank, N.A. v. Long*, 2007 PA Super 254, ¶¶ 6-8, 934 A.2d 76, 78-79 (2007). In the instant case, [Kawah] did not deny that [Fannie Mae] had the right to possession; that [Fannie Mae] had bought the Property at [s]heriff's [s]ale; that the deed had been acknowledged and recorded; and that [Kawah] was still in possession of the Property. [Kawah] had the opportunity to litigate the validity of the foreclosure and cannot now collaterally attack the sale and subsequent possession action based solely upon issues related to the mortgage. *See Fed. Nat. Mortgage Ass'n v. Citiano*, 2003 PA Super 381, ¶ 5, 834 A.2d 645, 647 (2003).

Consequently, there was no issue of material fact precluding the grant of summary judgment ….

Trial Court Opinion, 10/15/14, at 1-2, 3-4. We agree with and adopt the sound reasoning of the trial court. *See id.*

To the extent that Kawah claims that foreclosure proceedings should begin anew when a sheriff's sale is set aside, there is no legal authority supporting her bald assertion. Further, Kawah advances no basis upon which to conclude that the judgment was void. We therefore cannot grant her relief on her claim

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016