J-A09031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE J. HAGAN AND CHRISTINE | : | |
| HAGAN | : | |
| | : | No. 2096 EDA 2018 |
| Appellant | : | |

Appeal from the Judgment Entered June 22, 2018
In the Court of Common Pleas of Chester County Civil Division at No(s):
2017-06408-RC

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 08, 2019**

George J. Hagan (Hagan) appeals *pro se* from the order of the Court of

Common Pleas of Chester County (trial court) granting summary judgment in

ejectment in favor of U.S. Bank National Association (U.S. Bank).  We affirm.

**I.**

U.S. Bank obtained a mortgage foreclosure judgment against George J.

and Christine Hagan, who are married, for their home in West Chester.  The

sheriff's sale of the property had to be postponed several times because

Christine Hagan filed multiple bankruptcy petitions that purportedly

automatically stayed the sale.  The sheriff's sale was ultimately scheduled for

March 16, 2017.  The morning of the sale, Christine Hagan filed another

_____
*   Retired Senior Judge assigned to the Superior Court.

bankruptcy petition, her fourth in less than a year.[1] The sheriff's sale nonetheless went forward and U.S. Bank purchased the property. Because neither of the Hagans petitioned to set aside the sheriff's sale, the Sheriff's Office executed the deed on May 5, 2017.[2] Less than a week later, U.S. Bank recorded the deed to the purchased property in the Office of the Recorder of Deeds.

On June 26, 2017, U.S. Bank filed an ejectment action in the trial court. In response, George J. Hagan filed *pro se* preliminary objections contending, among other things, his wife's bankruptcy petition should have stayed the sheriff's sale of the property. The trial court found this to be an untimely collateral attack on the sheriff's sale and overruled the preliminary objections. George J. Hagan then filed an answer that denied that U.S. Bank had title to the property, but he did not plead any "new matter" nor otherwise raise an affirmative defense.

---

[1] Like her previous three bankruptcy petitions, Christine Hagan's petition was dismissed the following month.

[2] Pennsylvania Rule of Civil Procedure 3135(a) provides: "When real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold."

On April 10, 2018, U.S. Bank moved for summary judgment. Neither of the Hagans filed a response. On June 22, 2018, the trial court granted summary judgment in favor of U.S. Bank. In its order, the trial court found, among other reasons, that summary judgment was proper under Pa.R.C.P. 1035.3(d), which states that "[s]ummary judgment may be entered against a party who does not respond." George J. Hagan moved for reconsideration based on U.S. Bank not including a notice to plead with its motion for summary judgment. After reconsideration was denied, George J. Hagan appealed.[3]

**II.**

Hagan renews his claims that (1) his wife's bankruptcy petition should have automatically stayed the March 16, 2017 sheriff's sale, and (2) U.S. Bank did not endorse its motion for summary judgment with a notice to plead. Both

---

[3] The trial court believes this appeal should be quashed because even though Hagan filed his statement of errors complained of on appeal with the Prothonotary's Office, he did not serve the trial judge with a copy. The trial court, however, apparently obtained a copy and addresses Hagan's claims in its Pa.R.A.P. 1925(a) opinion. *See Berg v. Nationwide Mutual Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (holding appellant substantially complied with Pa.R.A.P. 1925 by presenting copy of his Pa.R.A.P. 1925(b) statement to the Prothonotary but not the trial judge). However, we note that George J. Hagan filed this appeal *pro se* on behalf of himself and his wife. While Hagan is permitted to appeal on his own behalf, he cannot also appeal on behalf of his wife, as he is not a licensed attorney in this Commonwealth. To the extent he seeks to raise claims on her behalf, we are without jurisdiction to consider them.

claims are couched as challenges to the trial court's grant of summary judgment.[4]

We first address Hagan's claim concerning the lack of a notice to plead. As U.S. Bank points out, Hagan did not respond to the motion for summary judgment. Hagan admits that he received a copy of the motion for summary judgment but did not respond because it was not endorsed by a notice to plead as required by Pa.R.C.P. 1026(a), which provides that a party need not respond to a pleading unless it "contains a notice to defend or is endorsed with a notice to plead."

However, Pa.R.C.P. 1026(a) applies only to pleadings. Pennsylvania Rule of Civil Procedure 1017 limits pleadings to: "(1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a counterclaim

---

[4] Our standard for reviewing entry of summary judgment is well-settled:

> [w]e review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.

**Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464 (Pa. Super. 2014) (some internal citations omitted).

or a cross-claim, (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter, (4) a preliminary objection and a response thereto." *See* Pa.R.C.P. 1017(a)(1)-(4) (notes omitted); ***Welsh v. Nat'l Railroad Passenger Corp.,*** 154 A.3d 386, 392 (Pa. Super. 2017) (stating "[a] motion for summary judgment is not a pleading" after reviewing Pa.R.C.P. 1017).

Further, Pa.R.C.P. 1035.3 outlines what a party's response to a motion for summary judgment must include, as well as the consequences if that party fails to respond:

> (a) Except as provided in subdivision (e), **the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying**
>
> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
> * * *
>
> (d) Summary judgment may be entered against a party who does not respond.

Pa.R.C.P. 1035.3(a)(1)-(2), (d) (notes omitted) (emphasis added). As a result, a non-moving party must respond to a motion for summary judgment; if that party does not, then the trial court may enter summary judgment on the basis of that failure. ***See Harber Philadelphia Center City Office Ltd.***

*V. LPCI Ltd. Partnership*, 764 A.2d 1100 (Pa. Super. 2000) (holding that appellants waived their challenges to summary judgment by failing to raise them in the trial court).

Consequently, U.S. Bank did not need to endorse its motion for summary judgment with a notice to plead and Hagan was obligated to file a response to the motion under Pa.R.C.P. 1035.3. The trial court did not rule on the motion for summary judgment until after thirty days had passed from when U.S. Bank filed its motion on April 10, 2018. Thus, the trial court did not abuse its discretion in granting summary judgment in favor of U.S. Bank. We affirm the trial court's judgment.[5]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19

---

[5] Because we find that there was a sufficient basis under Pa.R.C.P. 1035.3(d) for the trial court to grant summary judgment based on the failure to file a response, we need not address the merits of Hagan's first issue concerning whether the sheriff's sale was void because his wife filed a last-minute bankruptcy petition to stay the proceedings. However, even if we ignored that Hagan cannot represent his wife and he has no standing to advance any defense that she may have had, his appeal would still fail. As the trial court found, a former property owner cannot collaterally attack a sheriff's sale held in a foreclosure action in a subsequent ejectment action. *See Federal Nat'l Mortg. Ass'n v. Citiano*, 834 A.2d 645, 649 (Pa. Super. 2003).