J-A11025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN M. TOLERICO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHANIE R. MUNLEY AND THOMAS | : | |
| MUNLEY | : | |
| | : | No. 1804 MDA 2019 |
| Appellants | : | |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2019-CV-1419

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED NOVEMBER 10, 2020**

In this ejectment action, Stephanie R. Munley and Thomas Munley
appeal from the summary judgment entered in favor of John M. Tolerico. The
Munleys claim the underlying mortgage foreclosure action was void due to
lack of notice, the trial court erred in issuing a Writ of Possession before
entering final judgment, and the court did not have jurisdiction to vacate the
Writ because of this appeal. We affirm.

The parties agree on the following facts. Stephanie Munley owned the
subject property, 102 Ruthland Avenue in Greenfield Township, where she
resides with her husband, Thomas. In 2017, the Bank of New York Mellon FKA
the Bank of New York ("the Bank") commenced a foreclosure action against
the property, naming Stephanie as the defendant. The trial court entered

_____

[*] Former Justice specially assigned to the Superior Court.

default judgment in mortgage foreclosure, and the Bank purchased the property at the ensuing sheriff's sale. The Bank subsequently deeded the property to Tolerico.

Tolerico commenced this ejectment action in February 2019 by filing a Complaint. Following the Munleys' filing of an Answer and New Matter, and Tolerico's replying to the New Matter, Tolerico moved for summary judgment. The Munleys filed a Brief in Opposition, claiming that the foreclosure was void. They argued that according to the docket of the foreclosure action, which was an exhibit to the Complaint, the Bank had not named Thomas Munley as a defendant in that action, and the Sheriff had not served him with notice.

After argument, the trial court granted Tolerico summary judgment. The court concluded that Thomas Munley had received constructive notice of the foreclosure. The court explained that according to the record in the foreclosure action, the return of service stated that the Sheriff had served the foreclosure Complaint on Thomas Munley's wife by handing notice to Thomas Munley at the Munleys' home. **See** Mem. and Order, 10/18/19, at 6. Relying on **Federal National Mortgage Association v. Citiano**, 834 A.2d 645 (Pa.Super. 2003), the court then determined that because the Munleys had notice of the foreclosure action, but had failed to petition to set aside the sale within the time allotted, they had waived any objection to the sheriff's sale.[1]

_____

[1] Because it found constructive notice and waiver, the court did not address whether an absolute failure to provide notice to Thomas Munley would have rendered the mortgage foreclosure void.

The court thus granted summary judgment in favor of Tolerico and directed the Munleys to vacate the property, in an order entered October 18, 2019. The prothonotary noted the order on the docket and included a notation stating it had given the parties notice of the order. **See** Tr. Docket Entry at 10/18/19.[2]

Three days later, Tolerico filed a Praecipe for Writ of Possession, and the prothonotary issued it. The Munleys then filed notice of appeal from the October 18, 2019 order granting summary judgment. They also filed a Petition to Strike the Writ as premature, arguing that the prothonotary had not entered final judgment, citing Pa.R.C.P. 3021, and had not given notice, per Pa.R.C.P. 236. The court granted the petition and struck the Writ, by order entered December 18, 2019. The order also entered judgment in favor of Tolerico, directed the prothonotary to give the parties notice, and again directed the Munleys to vacate the property.[3] The Munleys did not file a further notice of appeal from the December 18, 2019 order.

The Munleys raise the following issues:

A. Whether the Lower Court committed an error of law in granting Summary Judgment in an ejectment action when one of the Defendants in the ejectment action was never served with the underlying foreclosure action[.]

---

[2] "Notified 10-18-19," is also written by hand on the copy of the order in the certified record. **See** Mem. and Order, 10/18/19, at 1.

[3] The bottom of the December 18, 2019 order stated that Rule 236 notice was provided to the parties, and the related docket entry states, "Notified 12-18-19." **See** Order, 12/18/19, at 2; Tr. Docket Entry at 12/18/19.

B. Whether the [l]ower [c]ourt[']s efforts to correct its errors long after the Notice of Appeal was docketed with this Court was a nullity, as the [l]ower [c]ourt no longer had jurisdiction.

C. Whether the [l]ower [c]ourt committed an error of law in originally permitting a Writ of Possession to be issued prior to its Order granting Summary Judgment becoming final.

The Munleys' Br. at 4 (footnote omitted).

## I. Summary Judgment

The Munleys argue that the court erred in granting summary judgment in favor of Tolerico, as the underlying mortgage foreclosure was void for want of notice to Thomas. According to the Munleys, as Stephanie's husband, Thomas had an interest in the property, and was therefore entitled to receive notice of the foreclosure action. The Munleys assert the Bank did not name Thomas as a defendant in the foreclosure action, and there is "no dispute" that "[n]o notice of any kind was provided to Thomas Munley." Munleys' Br. at 12, 14. The Munleys claim that because the foreclosure was void, the ensuing sheriff's sale was a nullity. They also claim that precedent has established they may attack the validity of the foreclosure during the ejectment proceeding. *Id.* at 11-12 (citing, *inter alia*, **Dime Savings Bank, FSB v. Greene**, 813 A.2d 893 (Pa.Super. 2002)).

Whether the court appropriately granted summary judgment is a question of law and we therefore apply a *de novo* standard of review. **Am. S. Ins. Co. v. Halbert**, 203 A.3d 223, 226 (Pa.Super. 2019). Our scope of review is plenary. **Id.** Summary judgment is proper if there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

As a mortgage foreclosure and sheriff's sale are collateral to any subsequent ejectment action, a defendant's ability to challenge those proceedings during the ejectment action depends upon whether the defendant alleges the result of those proceedings is void or merely voidable. *See Dime Savings Bank, FSB*, 813 A.2d at 895. A void judgment occurs "when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment." *Id.* A void judgment in foreclosure renders the resulting sheriff's sale a nullity, and it can be attacked at any time, including an action in ejectment. *Id.*

However, in *Citiano*, we found that a defendant that was not "absolutely deprived of notice" of a foreclosure and sheriff's sale was required to act with reasonable diligence in raising any defects in notice, or face waiver of those issues in the subsequent ejectment action. 834 A.2d at 648-49. We determined the defendant had had sufficient notice of the foreclosure and sale, as he had been served by certified and regular mail, and by the posting on the premises. *Id.* at 649. We concluded the defendant therefore had to raise any defect in the notice of the rescheduling of the sheriff's sale at or near the time of the sale. *Id.* at 648 (discussing Pa.R.C.P. 3135(a) and 3136(d)).

We distinguished the facts of *Citiano* from those of *Meritor Mortgage Corp.-East v. Henderson*, 617 A.2d 1323 (Pa.Super. 1992). In *Henderson*, the ejectment defendant was an heir to the deceased homeowner, and had

made mortgage payments to the plaintiff. *Id.* at 1324. When the plaintiff sought to foreclose, it did not serve notice on the defendant or post notice at the property. *Id.* We held the ensuing foreclosure judgment and sale in *Henderson* were void, and "that the failure to provide adequate notice in a foreclosure action could be raised in a subsequent action of ejectment because a judgment that is void for want of jurisdiction can be challenged at any time." *Citiano*, 834 A.2d at 648. In *Citiano*, we explained that although it is unreasonable to require a party to challenge the notice of an action for which it never received notice, such as transpired in *Henderson*, that rule does not apply where the party received notice and was aware of the action. *Id.* at 649.[4]

Here, the Munleys claim the underlying foreclosure judgment was void, and the resulting sale was a nullity, because the Bank had not named Thomas as a defendant, and had never served Thomas with notice. They thus allege the foreclosure judgment was void, which is a defense to an ejectment action. *Henderson*, 617 A.2d at 1326.

However, the Munleys do not address the court's determination that the sheriff handed Stephanie's notice of mortgage foreclosure to Thomas at the Munleys' place of residence, or argue that there was a genuine issue of material fact such that summary judgment was inappropriate. Nor do they

---

[4] *Accord Keller v. Bank of N.Y. Mellon*, 212 A.3d 52, 58 (Pa.Super. 2019) (holding appellants waived challenges to the sheriff's sale distribution schedule by failing to raise the issue within ten days of the sale), *appeal denied*, 219 A.3d 1104 (Pa. 2019).

challenge the court's conclusion that Thomas Munley had constructive notice of the foreclosure, contend that constructive notice was insufficient, or make any claim that Thomas was unaware of the sheriff's sale or otherwise unable to challenge it within the time required.

Due to these failings, we conclude the Munleys have waived any challenge to the trial court's conclusions that Thomas Munley had constructive notice of the sheriff's sale, and that he waived any issue with the sale by failing to raise a timely challenge. *See Commonwealth v. Rush*, 959 A.2d 945, 950-51 (Pa.Super. 2008) ("[I]it is the appellant's obligation to present developed arguments and, in doing so, apply the relevant law to the facts of the case, persuade us that there were errors, and convince us relief is due because of those errors").

Moreover, the Munleys' underlying premise – that the foreclosure judgment was void because the Bank did not name Thomas as a defendant or serve him with notice – is meritless. The Munleys claim that Thomas had an "inchoate marital interest" in the property. The Munleys' Br. at 13. However, Rule of Civil Procedure 1144(a), which sets forth the parties that must be named in a mortgage foreclosure action, does not include those with an "inchoate marital interest." Rather, proper defendants in a foreclosure action are any mortgagor, or personal representative, heir or devisee of a deceased mortgagor, if known, and all "real owners," and a spouse that does not fall into these categories need not be a defendant. *See* Pa.R.C.P. 1144(a); *U.S. Bank Nat'l Ass'n for Pa. Housing Fin. Agency v. Watters*, 163 A.3d 1019,

1026 (Pa.Super. 2017) (holding defendant's wife was not a "real owner" under Rule 1144(a) and did not need to be named defendant in foreclosure action, despite pending equitable division in divorce proceeding).

Therefore, even if the court had not found constructive notice, or waiver, the Munleys would not have been able to prove the mortgage was void for failing to name Thomas as a defendant or notify him of the foreclosure action. The entry of summary judgment was appropriate.[5]

## II. Writ of Possession

The Munleys next argue the Writ of Possession should not have issued. They assert that the trial court docket shows that when the prothonotary issued the Writ, there was not yet a final judgment in the ejectment action and the prothonotary had not sent Rule 236 notice of the summary judgment order. **See** Munleys' Br. 14-16 (citing Pa.R.C.P. 236, 3021, and 3160). Although they acknowledge that the court later struck the Writ, the Munleys argue that by that time, the court did not have jurisdiction to act, because they had already commenced this appeal and more than 30 days had passed since the court had issued the Writ. **Id.** at 16-19 (citing Pa.R.A.P. 1701(a) and 42 Pa.C.S.A. § 5505).

The Munleys' challenges to the Writ are not properly before us. The Munleys only filed a notice of appeal from the October 18, 2019 summary judgment order, and not from the later December 18, 2019 order, such that

---

[5] We can affirm the trial court on any basis. **See Bullman v. Giuntoli**, 761 A.2d 566, 574 (Pa.Super. 2000).

issues arising following that order are not properly before us. ***See Burger v. Zoning Hearing Bd. of Municipality of Penn Hills***, 485 A.2d 879, 881 (Pa.Cmwlth. 1984) (stating appellate courts are "not authorized to disturb findings and conclusions of the trial court which are not appealed"). We therefore express no opinion on the Munleys' remaining issues.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2020