J-S02020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANICE ROLNIK AND WILLIAM SYDNES, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : : | |
| v. | : : : | |
| ARTHUR GARNETT PROUT | : : : | No. 1158 EDA 2021 |

Appeal from the Judgment Entered May 10, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-22516

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

CONCURRING STATEMENT BY McCAFFERY, J.:          **FILED JUNE 28, 2022**

I agree with the Majority that Appellants have waived their arguments on appeal for failure to conform to the requirements of Pa.R.A.P. 1911 by not ensuring that the certified record was complete for our review. Appellants' argument that Appellee waived his jurisdictional defense for failing to timely raise before the trial court falls on deaf ears where, as here, Appellants themselves have failed to comply with the Pennsylvania Rules of Appellate Procedure.

I write separately to emphasize the law concerning notice of service as it pertains to foreclosure and ejectment proceedings. This Court has previously stated:

> [A]n attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is

claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment can not be reached collaterally. However, in an ejectment action it may be alleged that the judgment is void. **A void decree can be attacked at any time.** Where a judgment is void, the sheriff's sale which follows is a nullity. **A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment**. A judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding.

***Dime Sav. Bank, FSB v. Greene***, 813 A.2d 893, 895 (Pa. Super. 2002)

(citations omitted; emphasis added).

A jurisdictional exception to the general rule that a sheriff's sale cannot be collaterally attack is lack of notice as it implicates due process rights.

Due process of law requires an adequate investigation for interested parties. Courts have repeatedly expressed the importance of proper service of process. Service of process by publication is an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him. Due process, reduced to its most elemental component, requires notice.

***Sisson v. Stanley***, 109 A.3d 265, 270 (Pa. Super. 2015) (citations and quotation marks omitted). As such, contrary to Appellants' argument, Appellee could raise the issue of defective notice at any time. ***See Greene***, 813 A.2d at 895.

We also find guidance from ***Meritor Mortg. Corp.-E. v. Henderson***, 617 A.2d 1323 (Pa. Super. 1992). In that case, the homeowner executed a mortgage on the property but died six years later. ***See id.*** at 1324. The homeowner's son moved into the home and made several payments, but "the

mortgage eventually went into default." *Id*. The mortgage company commenced a foreclosure action, in which "the sheriff delivered a copy of the complaint to a niece, who lived elsewhere than in the mortgaged premises." *Id.* The mortgage company never served notice on the son or posted notice of the proceeding at the property. *Id*. at 1324-25. A panel of this Court held the mortgage company failed to comply with Rule 410 of the Pennsylvania Rules of Civil Procedure. Rule 410 provides, in relevant part:

> If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.

Pa.R.C.P. 410(b)(1). Because the mortgage company failed to give adequate notice of the foreclosure proceeding to the party in possession of the home, the *Henderson* panel concluded that the trial court did not have jurisdiction to enter judgment. *Henderson*, 617 A.2d at 1326. The panel then vacated the trial court's grant of summary judgment in favor of the mortgage company in its ejectment action.[1]

---

[1] *Henderson* is distinguishable from *Federal Nat. Mortg. Ass'n v. Citiano*, 834 A.2d 645 (Pa. Super. 2003), where this Court concluded that the defendant could not allege that he was "absolutely deprived of notice" of a foreclosure and sheriff's sale, given the fact that he had been served by certified and regular mail, and by a posting on the premises. *Id.* at 649. This Court stated that consequently, the defendant had to raise any defect in the notice by petitioning "the court to set aside the sheriff's sale at or near the time of the sale. *Id.* at 648.

Like in **Henderson**, and as the Majority points out, the crux of the argument on appeal is whether Appellee received defective service and, relatedly, whether he properly raised the issue. Appellants claim that he did not dispute the matter until post-trial motions, while Appellee asserts that he testified about it at trial. Accordingly, the trial transcript was imperative to analyzing this issue and Appellants' failure to order and pay for the transcript is fatal to their claim.

Judge King joins this concurring statement.