## Gustine, Appellant, *v.* Westenberger.

*Mortgage—Acknowledgment—Forgery—Evidence.*

1. On the trial of a scire facias sur mortgage where forgery is set up as a defense, it is proper for the court to refuse to charge that the notary's certificate of acknowledgment is sufficient and strong evidence of the genuineness of the mortgage, where the defendant denies that he executed the paper, the notary is unable to identify the defendant as the man who had signed it, three other persons testify that they saw the mortgage signed and that the person who signed it was not the defendant, and the wife of the defendant testifies that she procured her brother to personate her husband in the execution of the mortgage. Such a case is not one of a certificate of a notary before whom the real mortgagor actually appeared and an effort is made to contradict that to which the officer certifies.

2. There is no rule of law which permits a husband's property to be taken from him by a deed forged by his wife, or the forgery of which was procured by her.

Argued Feb. 8, 1908. Appeal, No. 131, Jan. T., 1908, by plaintiff, from judgment of C. P. Delaware Co., June T., 1905, No. 342, on verdict for defendant in case of Eva I. Gustine v. John A. M. Westenberger. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed

Scire facias sur mortgage. Before BROOMALL, J.

At the trial when the defendant was on the stand he was

asked this question in relation to a prior mortgage on the property:

"Q. Was not that mortgage held by the Home Building & Loan Association paid off out of the proceeds of this very mortgage in suit?" Objected to.

The Court: The objection to that question is sustained with leave to the plaintiff to make the same inquiry when some knowledge of this mortgage or of its payment is traced to him. With leave to the plaintiff to renew the offer when some knowledge of the transactions inquired of are traced to the witness by his examination of him or other evidence. My thought is this, that it is necessary to the plaintiff's case to establish to the satisfaction of the jury that this mortgage was executed by the defendant or was executed with his previous authority or subsequent ratification, and so far as ratification is concerned there can be no ratification without knowledge, the court holding that the preliminary requisite of ratification—some evidence must be established before the question ruled out can be inquired of. [11]

Similar questions were also rejected [12, 13].

Plaintiff presented the following points:

1. The execution and acknowledgment of the mortgage in suit evidenced by the official notarial certificate and the subsequent recording of the mortgage is sufficient and strong evidence of the genuineness of the mortgage and entitles the plaintiff to a verdict in her favor unless overcome by convincing countervailing evidence which satisfies the jury to the contrary. *Answer:* The court is unable to say that the certificate of the notary public is sufficient and strong evidence of the genuineness of the mortgage. The law makes it evidence. It is technically evidence. But you will see that if the facts certified to in the certificate are successfully attacked by testimony, why not only the evidence of the certificate is not sufficient and not strong, but if the evidence in your judgment attacks it, overwhelms it with defeat, why, of course, it is no evidence, you will not be governed by it at all. [1]

2. (Not read to jury.) In the consideration of the evidence upon the question of the execution of the paper if the jury do

not believe the statement of the witness, John Westenberger, that the execution was not authorized by him and also that he was not a party to the perpetration of a fraud upon the plaintiff by deceiving her into a belief in the genuineness of the mortgage they may disbelieve his defense and find a verdict for the plaintiff. *Answer:* Refused. [2]

3. (Not read to jury.) If under all the evidence in the case the fraud in the case was that of defendant's wife the husband would in law be answerable for this to the plaintiff as for his own fraud and the verdict should be for the plaintiff. *Answer:* Refused. [3]

4. The proofs offered by the plaintiff are sufficient in the first instance to entitle her to a verdict and under all the evidence the jury may find a verdict in her favor. *Answer:* That can't be affirmed just as it is written. The law is that the certificate of the notary public is written prima facie evidence, and if there were no other proofs in the case that certificate would prevail and in that sense the certificate of the notary public is sufficient, but if, as I said before, it is to your satisfaction shown that the certificate is not true, why, of course, the facts found in the certificate are not the facts you would find by your verdict. [4]

5. Under all the evidence the jury may find a verdict in her favor. *Answer:* Well, it is proper to say, that in the judgment of the court, by which you are not bound at all, the weight of the evidence is against this certificate, and I do not hesitate to say so, at the same time saying that you are not bound by the view that the court takes of the weight of the evidence. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 5) above instructions, quoting them; (11–13) rulings on evidence, quoting the bill of exceptions.

*O. B. Dickinson*, with him *Edward P. Bliss*, for appellant.— There is flat and explicit authority for the proposition that a certificate of acknowledgment has the same legal effect as if the plaintiff had called the subscribing witnesses and had proven the execution in a formal way: Brotherton v. Living-

ston, 3 W. & S. 334; Sutherland v. Ross, 6 Montg. 203; Com. v. Haines, 97 Pa. 228; Carr v. Coke Co., 170 Pa. 62; Heeter v. Glasgow, 79 Pa. 79; Cover v. Manaway, 115 Pa. 338; Lewars v. Weaver, 121 Pa. 268; Michener v. Cavender, 38 Pa. 334; Reineman v. Moon, 29 Pitts. L. J. 167.

The husband is answerable for the torts of his wife committed after marriage: Le Maistre v. Hunter, Brightly's N. P. 494; Rice v. Yocum, 155 Pa. 538; Hess v. Heft, 3 Pa. Superior Ct. 582.

*G. Herbert Jenkins*, with him *William Taylor*, for appellee.— No man can be deprived of his property by a forged deed or mortgage, no matter what may be the bona fides of the party who claims under it: Reineman v. Moon, 29 Pitts. L. J. 167; Com. v. Haines, 97 Pa. 228.

There being not the slightest evidence of any knowledge, much less of any act of the defendant, or authority from him concerning the execution of the mortgage, it is difficult to see how the wife's connection with the fraud could bind the innocent husband and in effect make the void mortgage valid as against him: Building & Loan Assn. v. Walton, 181 Pa. 201; Hess v. Heft, 3 Pa. Superior Ct. 582; Martin v. Robson, 65 Ill. 129; Quick v. Miller, 103 Pa. 67; Bovard v. Kettering, 101 Pa. 181; Wasserman v. Carroll, 2 Pa. Superior Ct. 551; Frost v. Knapp, 10 Pa. Superior Ct. 296; Nuding v. Urich, 169 Pa. 289; Kuklence v. Vocht, 21 W. N. C. 521; Bell v. Dawes, 9 Pa. C. C. Rep. 636.

Opinion by Mr. Justice Brown, April 19, 1909:

The defense in 'this case was that the mortgage was a forgery, and, under evidence that could not fairly have led to any other conclusion, the jury so found. On this appeal the chief complaint of the appellant is that the judge failed in his charge to give due weight to the notary's certificate of acknowledgment. The mortgage was offered in evidence with no other proof of its execution than this certificate. It was admitted by the court as the duly executed act and deed of the appellee, and, but for the defense that followed, judgment would have been directed for the appellant.

The case, as presented to the jury under uncontradicted evidence, showed that the mortgage had been executed and acknowledged by one who had personated the appellee. Called as a witness in his own behalf, the latter testified that he had not executed it, had never appeared before the notary public and that the first time he saw it was when the case was called for trial at a previous term of court. His wife, properly designated by the trial judge as a bad woman, had induced her brother to personate her husband in executing the mortgage and acknowledging it before the notary. That officer, who was one of the witnesses to the execution of the mortgage, was unable to identify the appellee as the man who had signed and acknowledged it before him. Albert W. James, the other witness to the execution of it, accompanied the man who signed it to the notary's office and testified positively that the appellee was not the one who had signed and acknowledged it in his presence. Another witness, Albert James, the real estate agent to whom application was made for the loan, stated with equal positiveness that the appellee was not the man who had executed the mortgage in his office. Samuel Bunting, who finally negotiated the loan and saw the mortgage signed, testified in the same positive manner that the appellee was not the person who executed it. The admission of the wife of the appellee on the trial was that she needed money and asked her brother to go to the office of Mr. James and personate her husband in the execution of the mortgage, believing that she would be able to repay the loan herself. Under this state of facts the court could not have instructed the jury to give to the certificate of the notary the weight which counsel for appellant insist should have been attached to it: Michener and Wife v. Cavender, 38 Pa. 334; Reineman v. Moon, 12 Pitts. L. J. (N. S.) 167; Smith, Executrix, v. Markland et al., 000 Pa. 000. The case is not one of a certificate of a notary before whom the real mortgagor actually appeared and an effort is made to contradict that to which the officer certifies; if it were, some of the many cases cited might apply.

The excluded offers of the plaintiff which are the subjects of the eleventh, twelfth and thirteenth assignments of error were

properly cverruled, for the reason given by the court in sustaining the objections to them. As to the third and last position of the appellant, that she ought to recover because the appellee is answerable for the torts of his wife, we need only say we know of no rule of law that ever permitted a husband's property to be taken from him on a deed forged by his wife, or the forgery of which was procured by her. Since the passage of the Act of June 8, 1893, P. L. 344, a married woman may be sued civilly in all respects and in any form of action with the same effect and results and consequences as an unmarried person, except that she may not be arrested or imprisoned for her torts. Under that act she, and not her husband, is liable in damages for her torts.

The assignments of error are all overruled and the judgment is affirmed.