## Sciandro v. Harner

*William R. Cameron, Jr.*, for plaintiff.
*Edward J. McGlinchey*, for exceptant.
*Donald B. Smith*, for sheriff.

BIESTER, P. J., January 8, 1957.—This matter is before us on exceptions to the sheriff's schedule of distribution filed after sale of real estate at foreclosure. The exceptions were filed under authority of the Act of April 10, 1862, P. L. 364, sec. 1, as amended, 12 PS §2670, exceptants being the purchaser at such sale and its assignee.

The question involved is the determination of the responsibility for the payment of the one percent Pennsylvania realty transfer tax imposed by the Act of December 27, 1951, P. L. 1742, as amended, 72 PS §3283 et seq.

From the facts, which are not in dispute, it appears that the successful bidder, after the property was knocked down to it, was required by the sheriff to pay the one percent transfer tax. This sum of $163.50, being one percent of the high bid of $16,350, was deposited with the sheriff by the purchaser under protest, pending the disposition of the exceptions now before us.

In the usual real estate transaction it is the duty of both the vendor and vendee to see that the tax is

paid, the actual payment thereof usually being the subject of agreement between the parties. See Sablosky v. Messner, 372 Pa. 47, 51. In the case of judicial sales, however, special provision is made by section 4 of the act which reads as follows, 72 PS §3285.1:

"The tax herein imposed shall be fully paid, and have priority out of the proceeds of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made, and the sheriff, or other officer, conducting said sale, shall pay the tax herein imposed out of the first moneys paid to him in connection therewith."

This section clearly and explicitly directs that the payment of the tax in question be made out of the funds in the hands of the sheriff arising out of the sale of the property; there is no requirement that the successful bidder pay the transfer tax in addition to his bid. When the property is knocked down to him, the purchaser acquires the right to the deed upon complying with the terms of the sale: Pennsylvania Company, etc., v. Broad St. Hospital, 354 Pa. 123, 128. The subsequent requirement that he pay the transfer tax after the sheriff had accepted his bid appears to us to be clearly unenforceable.

The schedule of distribution as filed by the sheriff contains no reference to the tax, the items set forth being the sheriff's costs in which the tax is not included, the balance being made payable to the execution creditor. Insofar as the schedule of distribution does not list the tax as coming out of the proceeds of the sale, it is faulty and the exceptions thereto must be sustained. We therefore make the following

### Order

And now, to wit, January 8, 1957, the exceptions to the sheriff's schedule of distribution are sustained

and the sheriff is directed to file an amended schedule of distribution setting forth the additional item of $163.50 representing the realty transfer tax of one percent of the amount bid by the successful bidder, the balance payable to the execution creditor to be reduced in like amount. The sum of $163.50 deposited by exceptants with the sheriff is directed to be returned to exceptants.