J-S42042-16

2016 PA Super 218

NORTHWEST SAVINGS BANK

v.

BARBARA A. KNAPP AND DENNIS E. BEAVER

v.

TRAVEL SERVICES, INC. NOW BY ASSIGNMENT EDGEWOOD DEVELOPMENT LLC

Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1871 WDA 2015

Appeal from the Order Entered October 27, 2015
in the Court of Common Pleas of Venango County Civil Division
at No(s): CIV 951-2014

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

OPINION BY FITZGERALD, J.:                **FILED SEPTEMBER 28, 2016**

Appellant, Travel Services, Inc., now by assignment Edgewood Development LLC, appeals from the order entered in the Venango County Court of Common Pleas. The order denied Appellant's exceptions to the Proposed Schedule of Distribution submitted by the Venango County Sheriff following a Sheriff's sale of real property located in Oil City, Pennsylvania. Appellant argues the trial court erred by holding that the Venango County Sheriff's procedure of adding realty transfer taxes to the winning bid at a Sheriff's sale does not violate 72 P.S. § 8104-C and 72 P.S. § 8107-D. We hold that the Venango County Sheriff's method of assessing realty transfer

---

[*] Former Justice specially assigned to the Superior Court.

tax contravenes the clear and unambiguous language of these statutes. Thus, we reverse the trial court and remand for further proceedings.

We summarize the factual and procedural history of this case as gleaned from the certified record as follows. The underlying action in this case was a mortgage foreclosure filed on August 20, 2014. Default judgment was ultimately entered against Barbara A. Knapp and Dennis E. Beaver in the amount of $103,718, plus costs and interest. The property at issue was sold at a Sheriff's sale on July 15, 2015.

Appellant, a third-party purchaser, won the property with a bid of $41,300. The Sheriff assessed the value of the property at $150,440. The Sheriff then added $3,430.04, representing 2% of the assessed value for state transfer taxes and local transfer taxes, to the winning bid. Further, the Sheriff added 2% for poundage;[1] thus, Appellant owed a total of $45,556.04.

Appellant acknowledges that prior to the sale, he was aware that both poundage and taxes would be added to his bid based upon the Sheriff's sale information sheet:

> WHAT IF I AM THE SUCCESSFUL PURCHASER OF THE PROPERTY?

---

[1] Poundage refers to a fee paid to a Sheriff based upon the "reasonable cost of proceeding to foreclosure." *Kinder-Travel Inc. ex rel. Kid Country Junction, Inc. v. Estill*, 834 A.2d 1175, 1177 (Pa. Super. 2003) (citation omitted); *see* 42 P.S. § 21107.

> You will need to add an additional 2% to your final bid amount for Sheriff Poundage, a fee collected by the Sheriff's Office. You will also be responsible for paying the local & state transfer taxes. These are calculated from the assessed value of the property.

Venango County Sheriff's Office Sheriff Sale Information Real Estate. Further, at the conclusion of the sale, Appellant was provided with a "Real Estate Sale Calculation Sheet," which separately listed the poundage and the state and local transfer taxes as additions to the successful bid price. Appellant paid the successful bid and poundage with one check for $42,126. Appellant issued a separate check, which he indicated was under protest, for $3,430.04 for the state and local taxes.

On July 15, 2015, the Sheriff filed a Notice of Proposed Schedule of Distribution per Pa.R.C.P. 3136. Appellant filed timely exceptions contending that the transfer taxes should have been deducted from—and not added to—the winning bid of $41,300. After a hearing, the trial court denied Appellant's exceptions on October 27, 2015.

Appellant timely appealed on November 24, 2015, and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. The trial court issued an opinion on December 18, 2015, which held that the Sheriff's tax collection procedure complied with the law and that Appellant was aware of the procedure prior to participating in the Sheriff's sale. The trial court specifically discussed the only reported

case regarding the statutes at issue, *Sciandro v. Harner*, 11 Pa. D. & C.2d 294 (C.C.P. Bucks 1957).

In *Sciandro*, the Bucks County Court of Common Pleas held that the nearly identical language of the statute there at issue,[2] a predecessor to the instant statutes, required that taxes be deducted from the winning bid amount at a Sheriff's sale, not subsequently added after the winning bid had already been accepted. *Id.* at 295. In this case, the trial court attempted to distinguish *Sciandro* by emphasizing that, in that case, the third party purchaser might not have been aware of the tax liability whereas, here, Appellant was informed, in writing, prior to placing a bid.

On appeal, Appellant raises the following issue:

> Whether the trial court erred in dismissing the third party purchaser's exceptions to the sheriff's schedule of proposed distribution which required the third party purchaser to pay the transfer taxes associated with the sale in addition to the bid of the third party purchaser when the proceeds of the sheriff sale were sufficient to cover the cost of the realty transfer taxes?

Appellant's Brief at 3-4.

---

[2] The statute at issue in *Sciandro* was 72 P.S. § 3285.1 (repealed 1981): "The tax herein imposed shall be paid, and have priority out of the proceeds of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made, and the sheriff, or other officer, conducting said sale, shall pay the tax herein imposed out of the first moneys paid to him in connection therewith." *Sciandro*, 11 Pa. D. & C.2d at 295.

Appellant argues that 72 P.S. § 8104-C and 72 P.S. § 8107-D require state and local transfer taxes to be collected from the successful bid amount from any judicial sale, including a Sheriff's sale. To this end, Appellant contends that the term "proceeds" in the statutes refers solely to the bid amount and not to the bid amount plus poundage and realty transfer taxes, as asserted by Appellee, Northwest Savings Bank, and Participant, Venango County Sheriff's Department. Appellant acknowledges that he was aware of the Sheriff's policy regarding the addition of taxes at the end of the bidding process, but avers that such knowledge is not dispositive because the policy at issue contravenes Pennsylvania statutes. We agree with Appellant and conclude that the Sheriff's method of collecting realty transfer tax violates Pennsylvania law.

We begin by noting that "[w]here exceptions to the distribution of the proceeds of a foreclosure sale are filed, a court will hear and determine them according to law and equity." *Farmers Trust Co. v. Bomberger*, 523 A.2d 790, 792 (Pa. Super. 1987) (citations omitted). However, "[b]ecause statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary." *Lenau v. Co-eXprise, Inc.*, 102 A.3d 423, 436 (Pa. Super. 2014) (citation omitted), *appeal denied*, 113 A.3d 280 (Pa. 2015).

At issue in this case are 72 P.S. § 8104-C and 72 P.S § 8107-D, which respectively address state and local realty transfer tax. Section 8104-C states:

**§ 8104-C. Proceeds of judicial sale**

The tax herein imposed shall be fully paid, **and have priority out of the proceeds** of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made, and the sheriff, or other officer, conducting said sale, shall pay the tax herein imposed out of the first moneys paid to him in connection therewith. If the proceeds of the sale are insufficient to pay the entire tax herein imposed, the purchaser shall be liable for the remaining tax.

72 P.S. § 8104-C (emphasis added).

Section 8107-D contains substantially similar language:

**§ 8107-D. Proceeds of judicial sale**

The tax imposed under this article shall be fully paid **and have priority out of the proceeds** of any judicial sale of real estate before any other obligation, claim, lien, judgment, estate or costs of the sale and of the writ upon which the sale is made. The sheriff or other officer conducting the sale shall pay the tax imposed under this article out of the first moneys paid to the sheriff or officer in connection therewith. If the proceeds of the sale are insufficient to pay the entire tax imposed under this article, the purchaser shall be liable for the remaining tax.

72 P.S. § 8107-D (emphasis added).

When interpreting statutes:

we are required to follow the rules of statutory construction, which direct that every statute shall be construed, if possible, to give effect to all of its provisions and that when the words of a statute are clear and free

from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

***Hearst Television, Inc. v. Norris***, 54 A.3d 23, 31 (Pa. 2012) (quotation marks and citations omitted); ***see*** 1 Pa.C.S*.* § 1921(a)-(b).   It is only "[w]hen the words of the statute are not explicit," that the intention of the General Assembly may be considered. 1 Pa.C.S*.* § 1921(c).   The General Assembly intends for the entire statute to be certain and effective, and not for any particular words to constitute "mere surplusage." ***Fish v. Twp. of Lower Merion***, 128 A.3d 764, 769 (Pa. 2015); ***see*** 1 Pa.C.S*.* § 1922(2); ***accord Pottstown Sch. Dist. v. Petro***, 94 A.3d 1102, 1107 (Pa. Commw. 2014) (*en banc*) (holding that the term "priority" must be effectuated when interpreting the Municipal Claims and Tax Liens Act ("MCTLA")).[3]

It is well-settled that "[t]axing statutes generally should receive a construction which favors the taxpayer." ***Speck v. Philips,*** 51 A.2d 399, 402 (Pa. Super. 1947) (citations omitted).   Accordingly, "any doubt or ambiguity in the interpretation of their terms must, therefore, be resolved in favor of the taxpayer." ***Tech One Assocs. v. Bd. of Prop. Assessment***, 53 A.3d 685, 696 (Pa. 2012); ***see*** 1 Pa.C.S*.* § 1928.

We add that this Court has held that a judicial sale includes a Sheriff's sale: "A judicial sale is defined . . . as a sale under the judgment, order, or

---

[3] Although a decision of the Commonwealth Court is not binding upon this Court, it can be considered as persuasive authority. ***Holland v. Marcy***, 817 A.2d 1082, 1083 n.1 (Pa. Super. 2002) (*en banc*).

decree of the court; a sale under judicial authority, by an officer legally authorized for the purpose, **such as a sheriff's sale**, an administrator's sale, etc." *City of Uniontown v. McGibbons*, 174 A. 912, 915 (Pa. Super. 1934) (quotation marks omitted and emphasis added).

Instantly, we address whether the Venango County Sheriff erred by adding the state and local realty transfer taxes assessed under both 72 P.S. § 8104-C and 72 P.S. § 8107-D to the winning bid after a Sheriff's sale.[4] The specific language at issue initially requires: "The tax herein imposed shall be fully paid, **and have priority out of the proceeds** of any judicial sale of real estate before any other obligation . . . ." 72 P.S. § 8104-C (emphasis added). Appellees argue that the term "proceeds" could refer to either the winning bid amount only or that amount plus taxes and poundage. While the term "proceeds" is not defined by the statute, Black's Law Dictionary provides that proceeds are, "[s]omething received upon selling, exchanging, collecting, or otherwise disposing of collateral." Black's Law Dictionary 1242 (8th ed. 2004). This definition alone, however, is not dispositive. Even if we conclude that the term "proceeds" is ambiguous, interpreting the statute as a whole in a manner giving effect to all its provisions, as required, is illuminating. *See Fish*, 128 A.3d at 769. Specifically, in order to effectuate the preceding term "priority," the word

---

[4] We discuss 72 P.S. § 8104-C and 72 P.S. § 8107-D together because the statutory language of each statute is fundamentally identical.

"proceeds" must be understood to mean solely the winning bid amount. If the term "proceeds" is construed to mean the winning bid plus taxes and poundage, then the taxes would not need to be prioritized as the first to be paid, thereby relegating the term "priority" to impermissible "surplusage." *See id.*

For example, in **Pottstown Sch. Dist.**, the Commonwealth Court construed the Municipal Claims and Tax Liens Act ("MCTLA") as follows:

> The first paragraph of section 31 of the MCTLA, the controlling statute herein, specifically directs that "the oldest tax" shall have priority when distributing the proceeds of a tax sale, followed by any municipal claims, again with the oldest lien having priority. Thus, this section addresses both the type or class of a claim (tax claim versus municipal claim) and the order of payment within the class (oldest paid first). The second paragraph of section 31 . . . simply requires the proceeds of a free and clear judicial sale to be distributed "in accordance with the priority of such claims." This priority is clearly set forth in the first paragraph of section 31. It would be illogical to conclude . . . that the priority language of this paragraph is only applicable to upset sales, and not free and clear judicial sales. Indeed, there is no need to prioritize distribution of the proceeds of an upset sale, as such a sale includes the payment/satisfaction of all outstanding taxes, municipal claims, and liens.

**Pottstown Sch. Dist.**, 94 A.3d at 1107. Likewise, in the instant case, the statutory language specifying the "priority" of the realty transfer tax is only applicable in a "free and clear" Sheriff's sale in which there is no separate collection of the tax. *See id.* If the tax is separately added to the winning bid, then—similar to an upset sale—it would be unnecessary to prioritize the collection of the tax ahead of other obligations. Hence, the statutory term

"priority" would constitute mere "surplusage." *See Fish*, 128 A.3d at 769. Accordingly, in order to effectuate all of the words for each statute, we conclude that the term "proceeds" refers to the winning bid amount only, and thus, the collection of the realty transfer tax has priority before any other obligation. *See id.*

The plain language of the last sentence of each statute—"If the proceeds of the sale are insufficient to pay the entire tax . . . , the purchaser shall be liable for the remaining tax"—also supports our holding. If the term "proceeds" is construed as the winning bid plus taxes and poundage, then the dependent clause is impermissible surplusage because the term "proceeds" would always include the total amount of owed taxes. *See id.* Therefore, in order to effectuate the plain meaning of the last sentence of each statute, we hold the word "proceeds" refers to the winning bid amount pledged at a Sheriff's sale only, and if the bid amount is insufficient to pay the taxes assessed, than the purchaser is liable for the difference. *See* 1 Pa.C.S*.* § 1921(a); *Hearst Television*, 54 A.3d at 31. The dependent clause is necessary to address the possibility that the "proceeds" could be insufficient to pay the tax burden. *See* 1 Pa.C.S*.* § 1921(a); *Hearst Television*, 54 A.3d at 31. Accordingly, we conclude that the plain language of the statutes, read in full, requires that the state and local taxes imposed be paid from the winning bid at a Sheriff's sale. The amount of

state and local taxes shall not be added to the winning bid, as was improperly done in this case.

Our construction also benefits the taxpayer. *See* 1 Pa.C.S*.* § 1928; *Tech One Assocs.*, 53 A.3d at 696; *Speck*, 51 A.2d at 402. The taxpayer is still liable for the entire tax amount but is not required to add the realty transfer tax to a successful bid if the competitive bidding process yields sufficient funds to satisfy the tax obligation set forth under the statutes.

Moreover, we find the trial court's attempt to distinguish *Sciandro* unavailing. The trial court determined that the dispositive factor in *Sciandro* was that taxpayer's apparent lack of prior knowledge regarding the tax obligation to be assessed after a judicial sale. Trial Ct. Op., 12/18/15, at 2; *see Sciandro*, 11 Pa. D. & C.2d at 295. Conversely, the trial court differentiated the instant case by finding that Appellant's prior written knowledge of his statutory tax obligation rendered the Sheriff's method of separate tax collection lawful. Trial Ct. Op. at 2. We hold that Appellant's prior knowledge was of no moment because the statutes at issue require that the imposed taxes be deducted from the amount of the winning bid and not added to the winning bid, unless the winning bid amount is insufficient to pay the taxes. Accordingly, having discerned an error of law, *see Lenau*, 102 A.3d at 436; *Farmers Trust*, 523 A.2d at 792, we reverse the trial court's order denying Appellant's exceptions to the Venango County

Sheriff's procedure of adding realty transfer taxes to a winning bid at a Sheriff's sale.

Order reversed.  Panel jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/28/2016