J-A10003-19
J-A10004-19
J-A10005-19
J-A10006-19

2019 PA Super 170

| | | |
|---|---|---|
| DAVID KELLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THE BANK OF NEW YORK MELLON, | : | No. 2628 EDA 2018 |
| TRUSTEE CERT HOLDER CWALT, | : | |
| INC., A1 TRUST 2004-27CB | : | |

Appeal from the Order Entered August 8, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2018-00859

*****

| | | |
|---|---|---|
| PA PROPERTY PORTFOLIO, INC., | : | IN THE SUPERIOR COURT OF |
| AND DAVID KELLER | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2895 EDA 2018 |
| BANK OF AMERICA, N.A., | : | |
| SUCCESSOR TO BAC HOME LOAN | : | |
| SERVICING, L.P. | : | |

Appeal from the Order Entered August 24, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
1484-CIVIL-2018

*****

| | | |
|---|---|---|
| PA PROPERTY PORTFOLIO, INC. - | : | IN THE SUPERIOR COURT OF |
| DAVID KELLER | : | PENNSYLVANIA |

```
J-A10003-19
J-A10004-19
J-A10005-19
J-A10006-19
```

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:center">Appellant</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>No. 2902 EDA 2018</td></tr>
<tr><td>WELLS FARGO BANK, N.A., A/K/A WELLS FARGO</td><td>:</td><td></td></tr>
</table>

Appeal from the Order Entered August 29, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2539-CIVIL 2018

*****

<table>
<tr><td>NORTHEAST INVESTORS GROUP, INC., - DAVID KELLER</td><td>:</td><td>IN THE SUPERIOR COURT OF PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>WELLS FARGO BANK, N.A., A/K/A/ WELLS FARGO</td><td>:</td><td>No. 2926 EDA 2018</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>APPEAL OF:  NORTHEAST INVESTORS GROUP, INC.</td><td>:</td><td></td></tr>
</table>

Appeal from the Order Entered August 28, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
2515-CV-2018

BEFORE:  LAZARUS, J., OTT, J., and DUBOW, J.

OPINION BY LAZARUS, J.:                    **FILED MAY 24, 2019**

Appellants, David Keller, PA Property Portfolio, Inc.,[1] and Northeast Investors Group, Inc.[2] (collectively "Plaintiffs"), appeal from four related orders,[3] entered in the Court of Common Pleas of Monroe County, granting opposing parties' preliminary objections with prejudice and dismissing Plaintiffs' complaints. After careful review, we affirm.

The facts underpinning all four actions are substantially similar and the questions of law are identical. Brief of Appellant,[4] at 3 ("this appeal is one of four appeals involving the exact same questions of law[] and general

---

[1] PA Property Portfolio, Inc. is a corporate entity used by Keller to purchase foreclosed properties at sheriffs' sales.

[2] Northeast Investors Group, Inc. is also a corporate entity used by Keller to purchase foreclosed properties at sheriffs' sales.

[3] Pursuant to Pa.R.A.P. 513, we consolidate the appeals from these four orders *sua sponte*, as all four appeals revolve around Keller and assert nearly identical legal arguments. **See infra**, at n.4.

[4] As the four briefs assert identical arguments, we refer to them collectively as "Brief of Appellant" and use the pagination from the brief filed under 2895 EDA 2018 for clarity and brevity. We note with deep disfavor that Anthony Roberti, Esquire, appellate counsel on three of Plaintiffs' four cases, filed briefs which copy the bulk of Keller's *pro se* brief verbatim. **See e.g.** Brief of Appellant, at 1 (replicating idiosyncratic error from *pro se* brief stating relevant standard of review as "de nova" in each counseled brief). Such reliance on a *pro se* brief for legal analysis implicates Attorney Roberti's competence and diligence under the Pennsylvania Rules of Professional Conduct. **See** Rule 1.1. cmt 5 (discussing thoroughness and preparation required of a competent attorney) and Rule 1.3 cmt 1 (directing attorneys to take sufficient measures required to pursue client's interests).

background history[.]  The four . . . appeals in question are 2902 EDA 2018, 2895 EDA 2018, 2926 EDA 2018, [and] 2628 EDA 2018.").  Plaintiffs brought the instant suits to recover state and local transfer taxes[5] levied by the Monroe County Sheriff ("Sheriff") after successfully bidding on foreclosed properties at Sheriff's sales.[6]  Plaintiffs, however, sought to recover these sums not from the Sheriff, but from the respective mortgage holders in each sale—namely, the instant Appellees—Bank of New York Mellon, Bank of America, and Wells Fargo Bank (collectively "the Banks").

In their pleadings, Plaintiffs argued that by being erroneously instructed by the Sheriff to pay the transfer tax, Plaintiffs overpaid for each property,

_____

[5] State and local transfer taxes from a judicial sale of real estate are governed by 72 P.S. § 8104-C and 72 P.S. § 8107-D, respectively.

[6] The sums at issue, number of properties, and dates of relevant Sheriff's sales at issue in each case are as follows:  2628 EDA 2018 concerns $3,168.34 in principle, interest, and fees connected with the transfer tax paid on the winning bid for one property at a Sheriff's sale dated September 25, 2014; 2895 EDA 2018 concerns $12,946.83 in principle, interest, and fees connected with the transfer tax paid on the winning bids for four properties at Sheriff's sales dated June 25, 2015, August 27, 2016, March 31, 2016, and June 30, 2016; 2902 EDA 2018 concerns $33,758.06 in principle, interest, and fees connected with the transfer tax paid on the winning bids for fifteen properties at Sheriff's sales dated June 25, 2015, July 30, 2015, August 27, 2015, September 25, 2015, December 3, 2015, January 28, 2016, April 28, 2016, May 26, 2016, and June 30, 2016; 2926 EDA 2018 concerns $31,228.87 in principle, interest, and fees connected with the transfer tax paid on the winning bids for ten properties at Sheriff's sales dated July 31, 2014, August 28, 2014, October 30, 2014, and May 28, 2015.

creating a resultant windfall for the Banks[7] in violation of **Northwest Savings Bank v. Knapp**, 149 A.3d 95 (Pa. Super. 2016). In each amended complaint, Plaintiffs asserted claims for declaratory judgment, unjust enrichment,[8] equitable restitution, conversion, and special relief to pursue a class action claim. Amended Complaint, 2628 EDA 2018, 5/9/18, at 5–6; Amended Complaint, 2895 EDA 2018, 5/9/18, at 4–5; Amended Complaint, 2902 EDA 2018, 6/1/18, at 8–9; Amended Complaint, 2926 EDA 2018, 6/1/18, at 6–7. However, Plaintiffs never claimed to have filed exceptions to the Sheriff's proposed schedule of distributions under Pa.R.C.P. 3136, instead arguing they had no legal duty to comply with Rule 3136 under, *inter alia*,[9] **Community Federal Savings & Loan Assn. v. Luckenbach**, 261 A.2d 327 (Pa. 1970). **See** Amended Complaint, 2628 EDA 2018, 5/9/18, at 7–9; Amended

---

[7] Plaintiffs outlined this argument in their own words as follows:

> The Sheriff charged and collected said 2% transfer tax from Plaintiff by 'adding said 2% transfer tax' to the 'bid prices paid by Plaintiff.' The said 2% transfer tax should have been subtracted off the 'bid prices' (the balance of which would go to Defendant as a lien Creditor or said writ of execution)."

Amended Complaint, 2628 EDA 2018, at 4.

[8] Plaintiffs sought relief for unjust enrichment under both the Restatement (Second) and Restatement (Third) of Restitution.

[9] In each amended complaint, Plaintiffs offered additional case law in support of his position. Those cases, however, were either not relevant or not binding on this Court, and thus, are not discussed herein.

Complaint, 2895 EDA 2018, 5/9/18, at 9–10; Amended Complaint, 2902 EDA 2018, 6/1/18, at 16–17; Amended Complaint, 2926 EDA 2018, 6/1/18, at 12–14.

The Banks filed preliminary objections under Pa.R.C.P. 1028, each asserting the pleadings failed to state a valid cause of action as Plaintiffs failed to follow the statutory remedy under Rule 3136 for filing exceptions to a proposed schedule of distribution from the Sherrif's sale. The Honorable Arthur L. Zulick and the Honorable David J. Williamson sustained the Banks' preliminary objections in each case, finding Plaintiffs' failure to allege filing timely exceptions to the Sherrif's sales' distribution schedules pursuant to Rule 3136 resulted in waiver. Moreover, the courts found themselves unable to grant equitable relief, as Plaintiffs failed to avail themselves of an adequate remedy at law.[10] Plaintiffs filed notices of appeal and subsequently complied with Pa.R.A.P. 1925(b).

Across all four briefs, Plaintiffs present the following identical issues, reproduced verbatim as follows:

1) Under ***Community Federal Savings v***. ***Luckenback***, 261 A.2d 327 (Pa. 1970), [do Plaintiffs] have legal standing to file exceptions under Pa.R.C.P. 3136?

---

[10] In all cases except 2895 EDA 2018, the trial court also found cause to sustain the preliminary objections for Plaintiffs' failure to join the Sheriff as a necessary party.

2) Under Pa.R.C.P. 3136(c), does only a party holding a **'recorded'** judgment/lien/mortgage under the lien priority statutes (42 Pa.C.S. Sections 8141–8142) have standing to file exceptions?

3) Even if Pa.R.C.P. 3136 applied under P[ennsylvania] **"common law"** and <u>Shafer Electric v. Mantie</u>, 96 A.3d 989 (Pa. 2014) does the failure to exercise a remedy at law[] **preclude or bar** a <u>later</u> civil action for "unjust enrichment?"

4) In view of the recent 3rd Edition (2011) of [the] reinstatement [sic] of law on unjust enrichment and restitution, and section 4(2) in particular of <u>3rd Edition</u> (2011) of Restatement of Law on "Unjust Enrichment and Restitution" render **"moot"** the defense of failure to exercise available "remedy at law?"

5) [Plaintiff] was not a named party in the mortgage foreclosure case, and [was] not served with court process, therefore, under <u>Martin v[.] Wilkes</u>, 490 U.S. 755 [1989] is the appellant subject to Pa.R.C.P. 3136?

Brief of Appellant, at 1–3 (punctuation and capitalization adjusted) (emphasis and use of quotation marks in original).

Plaintiffs' appeals are from orders sustaining preliminary objections in the nature of a demurrer.[11]  We, therefore, review Plaintiffs' claims as follows:

Preliminary objections in the nature of [a] demurrer test the legal sufficiency of the plaintiff's complaint.  The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible.  Thus, our scope of review

---

[11] We note Plaintiffs only raise arguments concerning their unjust enrichment claims, at no point mentioning the dismissal of Plaintiffs' claims for declaratory judgment, conversion, equitable restitution, or special relief under Pa.R.C.P. 1532.  Consequently, all claims save those related to unjust enrichment are waived. ***See Cosner v. United Penn Bank***, 517 A.2d 1337, 1342 (Pa. Super. 1986) (finding all issues not included in argument section of brief waived).

is plenary and our standard of review mirrors that of the trial court. Accepting all material averments as true, we must determine "whether the complaint adequately states a claim for relief under any theory of law."

***Schwarzwaelder v. Fox***, 895 A.2d 614, 618 (Pa. Super. 2006) (citations omitted).

Plaintiffs assert a variety of theories in support of the proposition that the courts below erred in ruling that failure to follow Rule 3136 precluded the return of taxes improperly levied by the Sheriff.[12] We, however, must first explore the rules governing proceedings related to sheriff's sales provided by the Pennsylvania Rules of Civil Procedure before addressing plaintiffs' argument.

The Rules allow "any party in interest" to petition the court overseeing a sheriff's sale to enter "any . . . order which may be just and proper under the circumstances." Pa.R.C.P. 3132. "The [R]ules also state that the time for petitioning the court should occur within a reasonable time proximity to the date of the sale and the filing of the schedule of distribution." ***Federal Nat.***

---

[12] Appellees do not dispute that the Sheriff erred in demanding Plaintiffs pay the transfer tax. ***See Northwest Savings Bank v. Knapp***, 149 A.3d 95, (Pa. Super. 2016) (sustaining taxpayer's objections where "Appellant filed ***timely*** exceptions contending that the transfer taxes should have been deducted from—and not added to—the winning bid[.]") (emphasis added). They do, however, assert Plaintiffs waived their right to the disputed funds by failing to avail themselves of the procedural mechanism set forth by Rule 3136 for contesting the schedule of distributions following a sheriff's sale.

*Mort. Ass'n v. Citiano*, 834 A.2d 645, 648 (Pa. Super. 2003). Rule 3136 lays out the time period for contesting amounts owed at a sheriff's sale, stating in relevant part:

> The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, **unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule.**

Pa.R.C.P. 3136(d) (emphasis added).[13] If no party files exceptions or a petition to set aside the sale, the sheriff is obligated to execute a deed to the property. *See* Pa.R.C.P. 3135(a) ("[T]he sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, *shall* execute and acknowledge before the prothonotary a deed to the property sold.") (emphasis added).

The rules make clear that a party dissatisfied with the schedule of distribution has ten days to file exceptions. *Concord-Liberty Sav. And Loan Ass'n v. NTC Properties, Inc.*, 312 A.2d 4, 5 (Pa. 1973). After the delivery of the sheriff's deed to the purchaser, the only possible attacks are those based on fraud or lack of authority to make the sale. *Id.* at 6 ("[A]fter the

---

[13] In explicating Rule 3136, the comment states, *inter alia*, "[t]he rule . . . does not require the sheriff to serve or notify the parties that a schedule has been prepared. As a result, the parties must monitor the sheriff's office on a daily basis to acquire the schedule in order to have the full ten days with which to prepare and file the exceptions." Rule 3136, comment.

delivery of a sheriff's deed to a purchaser[,] the only attacks possible on the sheriff's sale are those based on fraud which vitiates the transaction, or a lack of authority to make the sale.") (citation omitted); ***see also Sklaroff v. Weiner***, 203 A.2d 366, 368 (Pa. Super. 1964) ("Where, as here, no fraud is alleged or shown but the only issue is the amount to which the holder of a valid lien is entitled out of the proceeds, the remedy under Pa.R.C.P. 3136 is adequate[.]"). If, after a sheriff's sale, an appellant "neglect[s] to pursue the procedural remedies available to him, appellant has waived such challenges." ***Citiano***, ***supra*** at 648.

***Knapp***, ***supra***, offers a case-in-point example of how, under the Rules, purchasers of property at a sheriff's sale are obligated to seek redress for the improper assessment of transfer taxes. In ***Knapp***, just as in the instant case, county sheriffs sold real property to a third-party purchaser. ***Knapp***, ***supra*** at 96. Following the sale, the sheriff added state and local transfer taxes to the winning bid, increasing the amount owed by the purchaser. ***Id.*** at 96–97. The purchaser in ***Knapp***, however, properly filed timely exceptions to the sheriff's proposed schedule of distributions. ***Id.*** at 97. Consequently, this Court was obligated to reverse the lower court's order dismissing the third-party purchaser's exceptions to the sheriff's schedule of proposed distributions where the sheriff required the purchaser to pay transfer taxes associated with the sale. ***Id.***

The instant facts differ in one critical respect—Plaintiffs failed to file timely exceptions (or any exceptions whatsoever) to the Sheriff's proposed distributions as required by Rule 3136.  In light of the above-mentioned case law and an absence of any allegation of fraud, we find both that the remedy offered under Rule 3136 for protesting the schedules of distribution was adequate and that Plaintiffs' failure to avail themselves of a valid statutory remedy resulted in waiver.  *See id.*; *see also NTC Properties, Inc.*, *supra* at 5.  As the remedy offered was adequate, Plaintiffs are precluded from seeking relief related to their unjust enrichment[14] claim as "equitable relief will be appropriate only where the statutory remedy is inadequate." *Chartiers Valley School Dist. v. Virginia Mansions Apartment Inc.*, 489 A.2d 1381, 1386 (Pa. Super. 1985).

All of Plaintiffs' arguments directly or indirectly assert the inapplicability of Rule 3136; each one lacks merit.  Brief of Appellants, at 1–2.  Plaintiffs first argue *Luckenbach*, *supra*, divested Plaintiffs of standing to protest the Sheriff's proposed distributions of funds under Rule 3136.  *Id.* at 6–9.  Their reliance on *Luckenbach*, however, is entirely inapposite.  In *Luckenbach*,

---

[14] "Unjust enrichment is an equitable remedy defined as 'the retention of a benefit conferred by another without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution.'" *Commonwealth by Shapiro v. Golden Gate National Senior Care LLC*, 194 A.3d 1010, 1034 (Pa. 2018) (quoting *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013)).

our Supreme Court held that purchasers of real property at a sheriff's sale could not hold themselves out as lien creditors to participate in the fund created by the sheriff's sale as a means to recover damages caused by the previous homeowners. **Luckenbach**, **supra** at 474–75. Moreover, the facts of **Knapp** illustrate that third-party purchasers not only have standing to file exceptions under Rule 3136, such purchasers are *entitled to relief* when county sheriff's erroneously levy transfer taxes *so long as* that purchaser timely files exceptions. **Knapp**, **supra** at 97.

Plaintiffs' second argument claims that Rule 3136(c) precluded Plaintiffs from having standing to file exceptions as Plaintiffs were not "lien creditors." Brief of Appellant, at 9–12. As above, this argument is not borne out by the plain text of Rule 3136(c), which, rather than addressing standing, details the sheriff's duty to provide a certified list of liens upon properties sold at sheriff's sales.[15]

---

[15] The full text of Rule 3136(c) reads as follows:

> (c) In sales of real property the sheriff shall attach to the schedule a list of liens upon the property sold as certified from the record by the proper officers or a guaranteed search from any title company authorized to do business within the county. The cost of certifying the list of liens or the title search, the acknowledgment, recording and registry of the deed and transfer or documentary stamps shall be charged as an expense of distribution.

Pa.R.C.P. 3136(c).

Plaintiffs' third argument cites to **Shafer Elec. & Constr. v. Mantia**, 96 A.3d 989 (Pa. 2014), for the proposition that procedural law cannot preclude a party from seeking relief for unjust enrichment. Brief of Appellant, at 12–14. This argument incorrectly construes our Supreme Court's holding, which stated that the Home Improvement Consumer Protection Act ("the Act") did not preclude a plaintiff from recovering *in quantum meruit*, as the Act did not contemplate the preclusion of equitable common law remedies. ***Id.*** at 996. More importantly, the Act is not at issue in this case.

Plaintiffs' fourth argument states that the Third "reinstatement [sic] of Law on Unjust Enrichment . . . render[s] 'moot' the defense of failure to exercise available 'remedy at law[.]'" Brief of Appellant, at 14–17. Not only is this argument virtually unintelligible, it is rendered meaningless by the fact that "Pennsylvania courts have yet to adopt or apply the Restatement (Third) of Restitution in any context." **Sabella v. Appalachian Development Corp.**, 103 A.3d 83, 100 (Pa. Super. 2014).

In their final argument, Plaintiffs assert that because they were not named parties in the underlying foreclosure cases, and thus not served with process, it would violate Due Process under the United States Constitution to require that Plaintiffs follow Rule 3136. Brief of Appellant, at 17–21. This argument is misguided. Plaintiffs were not parties to the underlying mortgage

foreclosure suits because those matters were between the Banks and the relevant homeowners. Rather than searching for a constitutional remedy, the Plaintiffs would be better served by consulting the explanatory comment to Rule 3136, which states: "The rule . . . does not require the sheriff to serve or notify the parties that a schedule has been prepared. As a result, the parties must monitor the sheriff's office on a daily basis to acquire the schedule in order to have the full ten days with which to prepare and file the exceptions." Rule 3136, comment.

For the reasons described above, we find no basis upon which the trial courts could have concluded that Plaintiffs stated a valid claim for relief under any theory of law. As such, we affirm the trial courts' orders sustaining the defendants' preliminary objections in the nature of a demurrer.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/19

- 14 -